# Matter of Lourdes Suyapa PENA-MEJIA, Respondent

*Decided May 22, 2019*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

Neither rescission of an in absentia order of removal nor termination of the proceedings is required where an alien did not appear at a scheduled hearing after being served with a notice to appear that did not specify the time and place of the initial removal hearing, so long as a subsequent notice of hearing specifying that information was properly sent to the alien. *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), distinguished.

FOR RESPONDENT: Daniel A. Meyer, Esquire, Jackson Heights, New York

FOR THE DEPARTMENT OF HOMELAND SECURITY: Jonathan Graham, Assistant Chief Counsel

BEFORE: Board Panel: GUENDELSBERGER, GRANT, and KENDALL CLARK, Board Members

GRANT, Board Member:

This matter was last before us on July 18, 2018, when we dismissed the respondent's appeal from an Immigration Judge's March 5, 2018, decision denying a motion to reopen and rescind her in absentia order of removal. The respondent has now filed a motion to reopen and terminate the proceedings. The Department of Homeland Security ("DHS") opposes the motion. The motion will be denied.

The respondent is a native and citizen of Honduras who entered the United States on August 14, 2002, without being admitted or paroled. At that time, she was personally served with a Form I-862 (Notice to Appear) ordering her to appear for a hearing before an Immigration Judge in Harlingen, Texas, at a date and time to be set. On September 5, 2002, the Harlingen Immigration Court sent a notice of hearing to the respondent at the address she provided, notifying her that a hearing was scheduled for October 31, 2002, at 9:00 a.m. When the respondent did not appear at that hearing, the Immigration Judge ordered her removed in absentia.

On February 20, 2018, the respondent filed a motion to reopen with the Immigration Judge, stating that she did not receive the notice of hearing. The Immigration Judge found that the notice of hearing that was sent to the respondent by regular mail at the address she provided constituted proper notice under section 239(a) of the Immigration and Nationality Act, 8 U.S.C.

§ 1229(a) (2012), and that it was not returned to the Immigration Court as undeliverable. The Immigration Judge also determined that the respondent did not rebut the presumption of delivery of the notice of hearing based on the factors set forth in *Matter of M-R-A-*, 24 I&N Dec. 665, 674 (BIA 2008). He therefore concluded that she did not establish that she had not received notice of her hearing, and he denied her motion to reopen and rescind the in absentia order of removal. We upheld the Immigration Judge's findings and dismissed the respondent's appeal.

In her current motion, the respondent relies on the Supreme Court's decision in *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), to argue that her proceedings should be reopened and her removal order rescinded. Because her notice to appear did not specify the date and time of her hearing, the respondent claims that it does not constitute a valid notice to appear, so jurisdiction over her case did not vest with the Immigration Court. She therefore contends that her removal proceedings should be terminated.

The Supreme Court in *Pereira* focused on the question whether a notice to appear that lacks a specific time and place of hearing triggers the "stop-time" rule for purposes of cancellation of removal under section 240A(d)(1)(A) of the Act, 8 U.S.C. § 1229b(d)(1)(A) (2012). *Pereira*, 138 S. Ct. at 2113 (stating that the question before the Court was "narrow"). It did not hold that such a notice to appear is invalid for all purposes, including for initiating removal proceedings. *Matter of Bermudez-Cota*, 27 I&N Dec. 441 (BIA 2018); *see also Matter of Mendoza-Hernandez and Capula-Cortes*, 27 I&N Dec. 520, 523–24 (BIA 2019).

The Board in *Matter of Bermudez-Cota* addressed whether a notice to appear that does not specify the time and place of an alien's initial removal hearing vests an Immigration Judge with jurisdiction if a notice of hearing that includes that information is subsequently sent to the alien. Relying on circuit court precedent, we held that such a "two-step notice process" is sufficient to meet the statutory notice requirements in section 239(a) of the Act and vest jurisdiction in the Immigration Judge. *Id.* at 445–47 (citing *Popa v. Holder*, 571 F.3d 890, 895–96 (9th Cir. 2009); *Gomez-Palacios v. Holder*, 560 F.3d 354, 359 (5th Cir. 2009); *Dababneh v. Gonzales*, 471 F.3d 806, 809–10 (7th Cir. 2006); *Haider v. Gonzales*, 438 F.3d 902, 907 (8th Cir. 2006)). We discussed the Supreme Court's decision in *Pereira* and determined that it is distinguishable and did not address this issue. *Matter of Bermudez-Cota*, 27 I&N Dec. at 443, 447. Several circuit courts have agreed with our holding, concluding that *Pereira* does not require a different result. *Banegas Gomez v. Barr*, 922 F.3d 101, 110–12 (2d Cir. 2019); *Karingithi v. Whitaker*, 913 F.3d 1158, 1160–62 (9th Cir. 2019); *Leonard v. Whitaker*, 746 F. App'x 269 (4th Cir. 2018) (per curiam); *Hernandez-Perez v. Whitaker*, 911 F.3d 305, 312–15 (6th Cir. 2018).

The regulations at 8 C.F.R. § 1003.14(a) (2018) provide that "[j]urisdiction vests, and proceedings before an Immigration Judge commence, when a charging document is filed with the Immigration Court." Furthermore, although 8 C.F.R. § 1003.15(c) (2018) requires that a notice to appear must provide certain information, the date and time of the hearing are not included. In any event, § 1003.15(c) states that failure to provide any of the enumerated items "shall not be construed as affording the alien any substantive or procedural rights." Pursuant to the regulations, the notice to appear served on the respondent and filed with the Immigration Court satisfied the regulatory definition of a "notice to appear" and vested jurisdiction in the Immigration Court. *See Matter of Bermudez-Cota*, 27 I&N Dec. at 444–45; *see also Banegas Gomez*, 922 F.3d at 100–12. The Supreme Court's decision in *Pereira* does not change this outcome in the respondent's proceedings.

Furthermore, rescission of the respondent's in absentia order of removal is not mandated by *Pereira*. In contrast to the provisions of the Act at issue in *Pereira*, the statute regarding the entry of an in absentia order provides that "[a]ny alien who, after written notice required under paragraph (1) *or* (2) of section 239(a) has been provided to the alien or the alien's counsel of record, does not attend a proceeding under this section" may be ordered removed in absentia. Section 240(b)(5)(A) of the Act, 8 U.S.C. § 1229a(b)(5)(A) (2012) (emphasis added). Because this statute uses the disjunctive term "or" rather than the conjunctive "and," an in absentia order of removal may be entered if a written notice containing the time and place of the hearing was provided *either* in a notice to appear under section 239(a)(1) *or* in a subsequent notice of the time and place of the hearing pursuant to section 239(a)(2).

In the respondent's case, the notice to appear, which was personally served on her, advised her that she "must notify the Immigration Court immediately" if she changed her address during proceedings. *See Matter of G-Y-R-*, 23 I&N Dec. 181, 185–88 (BIA 2001) (discussing the statutory address obligations in section 239(a)(1)(F) of the Act). The Immigration Court subsequently sent her a notice of hearing pursuant to section 239(a)(2) of the Act at the address she had provided. The notice of hearing was not returned to the Immigration Court as undeliverable. The respondent does not deny that the notice of hearing was therefore properly sent.[1]

---

[1]   Unlike the respondent, the alien in *Pereira* provided a correct address to the DHS and established that he did not receive the notice of hearing, so his motion to reopen was granted by the Immigration Judge. With her prior appeal, the respondent submitted her own statement and those from her family members, claiming that the address she provided to immigration officials was her sister's address, where she lived "for a few months" before

Because the notice of hearing was sent to the respondent subsequent to the personal service of her notice to appear, her case falls within *Matter of Bermudez-Cota* as to the fundamental question of the Immigration Court's jurisdiction. Furthermore, it is distinguishable from *Pereira* because she did not apply for cancellation of removal and she was ordered removed by the Immigration Judge for reasons unrelated to the operation of the "stop-time" rule. For these reasons, we conclude that the Supreme Court's decision in *Pereira* does not require that the respondent's in absentia order of removal be rescinded or that her proceedings be terminated.

Our holding is supported by the circuit courts that have considered the implications of *Pereira* in the context of in absentia proceedings. In *Mauricio-Benitez v. Sessions*, 908 F.3d 144, 148 (5th Cir. 2018), the United States Court of Appeals for the Fifth Circuit, in whose jurisdiction this case arises, upheld our decision declining to reopen or rescind an in absentia order of removal where the alien did not receive a notice of hearing as a result of his failure to provide a correct address to the Immigration Court. The court also noted that because the Supreme Court's focus in *Pereira* was on the narrow question of the operation of the "stop-time" rule for cancellation of removal, it did not affect the court's holding in *Gomez-Palacios* that an in absentia removal order should not be rescinded where lack of notice resulted from the alien's failure to update his mailing address. *Id.* at 148 & n.1 (noting that since cancellation and reopening are "entirely different," in cases involving reopening "*Pereira*'s rule regarding cancellation is inapplicable"); *see also Fuentes-Pena v. Barr*, 917 F.3d 827, 830 n.2 (5th Cir. 2019).

The Sixth Circuit also addressed a situation involving an in absentia order of removal in *Santos-Santos v. Barr*, 917 F.3d 486 (6th Cir. 2019). The alien there argued that under *Pereira*, his notice to appear, which did not specify the date and time of the hearing, did not vest jurisdiction in the Immigration Court. Rejecting that assertion, the court found that *Pereira* is distinguishable because it "(1) dealt with whether the narrow 'stop-time' rule can be triggered by [a notice to appear] omitting the time and place of the initial hearing, and (2) addressed two statutory provisions distinct from the

---

moving. She also asserted that neither she nor her sister received the notice from the Immigration Court. In our July 18, 2018, decision, we declined to consider the newly submitted evidence and found that, in any case, it was not sufficiently material to warrant a remand for its consideration.

To the extent the respondent moved and did not fulfill her obligation under section 239(a)(1)(F) of the Act to notify the Immigration Court of her address change, her in absentia removal proceedings were appropriate under section 240(b)(5)(A) of the Act, because section 240(b)(5)(B) provides that no written notice of hearing is required under those circumstances. *See also* 8 C.F.R. §§ 1003.15(d), 1003.26(c)–(d) (2018). As noted above, section 240(b)(5)(A) of the Act refers to written notice required under either section 239(a)(1) or (2).

regulations at issue." *Id.* at 489. The court also stated that the statute "does not address jurisdictional prerequisites" and that the regulations governing when and how jurisdiction vests with the Immigration Judge do not require references to the time and place of the hearing to vest jurisdiction. *Id.* at 490–91. Relying on section 240(b)(5)(A) of the Act, the court held that rescission of the alien's in absentia order of removal was not warranted because the notice of hearing mailed to him at his listed address met the requirements of section 239(a)(2) regarding notice of the time and place of the hearing. *Id.* at 491–92; *see also Molina-Guillen v. U.S. Att'y Gen.*, 758 F. App'x 893, 898–99 (11th Cir. 2019) (per curiam) (distinguishing *Pereira* where the alien received a notice of hearing supplying the missing date and time information, which together with the notice to appear "fulfilled the notice requirements" in section 239(a)(1) of the Act).

The Supreme Court's ruling in *Pereira* rested on the specific language in the "stop-time" provisions of section 240A(d)(1) of the Act, while the respondent's case is governed by the rules regarding failure to appear in section 240(b)(5)(A), as well as the regulations applicable to that statute. The respondent's arguments are thus analogous to those presented in *Matter of Bermudez-Cota* and fail for a similar reason—specific provisions of the Act that are distinct from the "stop-time" rule are at issue here and are dispositive in this case. Because we agree with the circuit courts that have held that *Pereira* is inapplicable outside of the narrow context of the "stop-time" rule, and with the Immigration Judge that the respondent received proper notice of her hearing, we conclude that rescission of her in absentia order of removal and termination of her proceedings are not warranted. We also decline to reopen the proceedings in the exercise of our discretion under 8 C.F.R. § 1003.2(a) (2018). Accordingly, the respondent's motion will be denied.

**ORDER:** The motion to reopen is denied.