# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

June 24, 2022

Lyle W. Cayce
Clerk

No. 20-60770
Summary Calendar

Brenda Elizabeth Tamayo-Lara,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A201 297 886

Before Southwick, Oldham, and Wilson, *Circuit Judges*.

Per Curiam:*

Brenda Elizabeth Tamayo-Lara seeks review of the dismissal of her appeal by the Board of Immigration Appeals. Tamayo-Lara's appeal challenged the immigration judge's denial of her motion to reopen removal proceedings and rescind her *in absentia* removal order. We GRANT her

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-60770

petition, VACATE the dismissal by the Board of Immigration Appeals, and REMAND for further proceedings.

## FACTUAL AND PROCEDURAL BACKGROUND

Tamayo-Lara, a native and citizen of Honduras, entered the United States on June 11, 2011. At that time, the Government served a notice to appear ("NTA") on Tamayo-Lara, charging her with removability as an alien present in the United States who had not been admitted or paroled. On June 26, 2011, the immigration court mailed a notice of hearing ("NOH") to the address Tamayo-Lara provided upon her release from custody. Tamayo-Lara asserts she did not receive the NOH because, though she provided the correct address when she left detention, she had subsequently moved to Louisiana. Consequently, Tamayo-Lara did not appear at her hearing on March 6, 2012, where the immigration judge ("IJ") ordered her removed *in absentia*.

In August 2019, upon discovering her removal order, Tamayo-Lara filed a motion to rescind the order and reopen removal proceedings under 8 U.S.C. § 1229a(b)(5)(C)(ii). She argued that her NTA was invalid under *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), that she did not receive the NOH, and that exceptional circumstances warranted the IJ to reopen the proceedings *sua sponte*. The Government did not respond to Tamayo-Lara's motion.

The IJ denied Tamayo-Lara's motion, relying in part on *Matter of Pena-Mejia*, 27 I. & N. Dec. 546, 548 (BIA 2019). That case concluded that entry of an *in absentia* removal order is permitted so long as information regarding the date and time of the hearing was provided either in the NTA or in a subsequent NOH. The IJ also concluded that Tamayo-Lara failed to show that she did not receive the NOH. Moreover, the IJ concluded that she

2

No. 20-60770

did not demonstrate exceptional circumstances that would justify the IJ reopening the case *sua sponte*.

Tamayo-Lara appealed to the Board of Immigration Appeals ("BIA"), raising essentially the same arguments she made before the IJ. The BIA denied Tamayo-Lara's claim, agreeing with the IJ that Tamayo-Lara's argument, that the defective NTA could not be cured by a subsequent NOH, was foreclosed under *Matter of Pena-Mejia*. The BIA also agreed with the IJ that Tamayo-Lara failed to demonstrate that she did not receive the NOH. Finally, the BIA concluded that she raised new, unsupported arguments in asserting that exceptional circumstances existed that justified reopening her case *sua sponte* and dismissed those arguments. Accordingly, the BIA affirmed the IJ's decision and dismissed Tamayo-Lara's appeal. Tamayo-Lara now petitions for review from the BIA's decision.

## DISCUSSION

Tamayo-Lara raises two arguments. First, she argues that she was not served a proper NTA under 8 U.S.C. § 1229(a), because it did not specify the time or place of the hearing. Second, she argues that she is entitled to reopen her removal proceedings because she did not receive the NOH, as evidenced by her sworn statement. Since we conclude that Tamayo-Lara did not receive proper notice of her hearing due to the deficiencies of her NTA under *Rodriguez v. Garland*, 15 F.4th 351 (5th Cir. 2021), we address only the first argument.

We employ "a highly deferential abuse-of-discretion standard" when reviewing the denial of a motion to reopen removal proceedings. *See Hernandez-Castillo v. Sessions*, 875 F.3d 199, 203 (5th Cir. 2017). The BIA "abuses its discretion when it issues a decision that is . . . based on legally erroneous interpretations of statutes or regulations." *Barrios-Cantarero v. Holder*, 772 F.3d 1019, 1021 (5th Cir. 2014).

No. 20-60770

Under 8 U.S.C. § 1229a(b)(5)(C)(ii), an *in absentia* removal order may be rescinded "upon a motion to reopen filed at any time if the alien demonstrates that the alien did not receive notice in accordance with [8 U.S.C. § 1229(a)]." Section 1229(a) requires that a NTA "shall be given in person" to an alien in removal proceedings, and it specifies certain notice requirements including "[t]he time and place at which the proceedings will be held." 8 U.S.C. § 1229(a)(1)(G)(2). Recently, we have held that an NTA in the *in absentia* context must be a single document containing all information in order to satisfy Section 1229(a). *Rodriguez*, 15 F.4th at 355.

Here, the initial NTA did not contain the time and date of Tamayo-Lara's removal hearing. The BIA held that Tamayo-Lara's argument that her NTA and *in absentia* removal order were invalid for failing to specify the time and place of her removal hearing were "foreclosed by our decision[] in *Matter of Pena-Mejia*, 27 I. & N. Dec. 546 (BIA 2019)." We have recently concluded, however, that the BIA's reading of Section 1229(a) in *Matter of Pena-Mejia* is "directly contrary to the Supreme Court's interpretation of § 1229(a) in *Niz-Chavez* [*v. Garland*, 141 S. Ct. 1474 (2021),] which made clear that subsequent notices may not cure defects in an initial notice to appeal." *Rodriguez*, 15 F.4th at 355. Thus, we conclude the NTA served on Tamayo-Lara failed to meet the notice requirements of Section 1229(a), and the BIA abused its discretion by failing to reopen Tamayo-Lara's proceedings.

We GRANT Tamayo-Lara's petition, VACATE the BIA's decision, and REMAND for further proceedings.