# Matter of Renata MIRANDA-CORDIERO, Respondent

*Decided May 22, 2019*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

Pursuant to section 240(b)(5)(B) of the Immigration and Nationality Act, 8 U.S.C. § 1229a(b)(5)(B) (2012), neither rescission of an in absentia order of removal nor termination of the proceedings is required where an alien who was served with a notice to appear that did not specify the time and place of the initial removal hearing failed to provide an address where a notice of hearing could be sent. *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), distinguished.

FOR RESPONDENT: Renee LaRosee, Esquire, Elizabeth, New Jersey

BEFORE: Board Panel: GUENDELSBERGER, GRANT, and KENDALL CLARK, Board Members

GRANT, Board Member:

In a decision dated January 9, 2018, an Immigration Judge denied the respondent's motion to sua sponte reopen her removal proceedings. The respondent has appealed from that decision.[1] The appeal will be dismissed.

The respondent is a native and citizen of Brazil who entered the United States on March 8, 2005, without being admitted or paroled. At that time, she was personally served with a Notice to Appear (Form I-862) ordering her to appear for a hearing before an Immigration Judge in San Antonio, Texas, at a date and time to be set. The respondent refused to provide an address at which she could be contacted during the removal proceedings.[2] When she did not appear for her hearing on May 11, 2005, the Immigration Judge ordered her removed in absentia pursuant to section 240(b)(5) of the Immigration and Nationality Act, 8 U.S.C. § 1229(b)(5) (2012).

---

[1] As the Immigration Judge pointed out, the respondent submitted documents in support of her motion to reopen indicating a name and date of birth different from those on the documents presented by the Government in her prior proceedings. She has offered no explanation for this disparity. For purposes of this decision, we will assume that the two names represent the same individual, but we note that the respondent has not established this as a matter of fact.

[2] The respondent's notice to appear and her Record of Deportable/Inadmissible Alien (Form I-213) both show that, after she was notified by service of the notice to appear of her obligation to provide an address where she could be reached during the course of the removal proceedings, she refused to give that information.

On July 5, 2017, the respondent filed a motion requesting sua sponte reopening of the proceedings to rescind her removal order so that she could file an Application for Provisional Unlawful Presence Waiver (Form I-601A) based on her marriage to a United States citizen and her approved visa petition. The Immigration Judge denied the motion, stating that he declined to exercise sua sponte authority to reopen the proceedings because he lacked jurisdiction over the waiver, which she could seek from the U.S. Citizenship and Immigration Services ("USCIS"). He further found that the respondent did not allege any exceptional situation or circumstances that would warrant sua sponte reopening.

On appeal, the respondent argues that the Immigration Judge erred in stating that a provisional waiver of unlawful presence is available to her despite her outstanding in absentia order of removal and in providing no analysis for his finding that she did not present exceptional circumstances. In addition, the respondent relies on the intervening decision of the Supreme Court in *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), to assert that her notice to appear was invalid because it did not contain a specific date and time for her initial removal hearing, as required by section 239(a)(1)(G) of the Act, 8 U.S.C. § 1229(a)(1)(G) (2012). In this regard, she claims that if her proceedings are reopened pursuant to *Pereira*, she will be eligible for cancellation of removal under section 240A(b)(1) of the Act, 8 U.S.C. § 1229b(b)(1) (2012).

We will first address the respondent's argument regarding *Pereira*. The Supreme Court in *Pereira*, focused on the question whether a notice to appear that lacks a specific time and place of hearing triggers the "stop-time" rule for purposes of cancellation of removal under section 240A(d)(1)(A) of the Act. *Pereira*, 138 S. Ct. at 2113 (stating that the question before the Court was "narrow"). It did not hold that such a deficient notice to appear is invalid for all purposes, including for initiating removal proceedings. *Matter of Bermudez-Cota*, 27 I&N Dec. 441 (BIA 2018); *see also Matter of Mendoza-Hernandez and Capula-Cortes*, 27 I&N Dec. 520, 523–24 (BIA 2019).

The regulations at 8 C.F.R. § 1003.14(a) (2018) provide that "[j]urisdiction vests, and proceedings before an Immigration Judge commence, when a charging document is filed with the Immigration Court." Furthermore, although 8 C.F.R. § 1003.15(c) (2018) requires that a notice to appear must provide certain information, the date and time of the hearing are not included. In any event, § 1003.15(c) states that failure to provide any of the enumerated items "shall not be construed as affording the alien any substantive or procedural rights."

Furthermore, rescission of the respondent's in absentia order of removal is not mandated by *Pereira*. In contrast to the provisions of the Act at issue

in *Pereira*, the statute regarding the entry of an in absentia order provides that "[a]ny alien who, after written notice required under paragraph (1) *or* (2) of section 239(a) has been provided to the alien or the alien's counsel of record, does not attend a proceeding under this section" may be ordered removed in absentia. Section 240(b)(5)(A) of the Act (emphasis added). Because the statute uses the disjunctive term "or" rather than the conjunctive "and," an in absentia order of removal may be entered if a written notice containing the time and place of the hearing was provided *either* in a notice to appear under section 239(a)(1) *or* in a subsequent notice of the time and place of the hearing pursuant to section 239(a)(2).

In this case, a notice to appear was personally served on the respondent, in which she was advised of her obligation to "notify the Immigration Court immediately" any time she changed her address during the course of the removal proceedings. *See also* 8 C.F.R. § 1003.15(d) (2018) (requiring an alien to provide the Immigration Court with written notice of an address and telephone number at which he or she can be contacted). However, after receiving the notice to appear, the respondent refused to provide an address as specified in section 239(a)(1)(F) of the Act. *See Matter of G-Y-R-*, 23 I&N Dec. 181 (BIA 2001) (discussing an alien's statutory address obligations).

Under section 240(b)(5)(B) of the Act, if "an alien has failed to provide the address required under section 239(a)(1)(F)," no written notice of the hearing is necessary to order the alien removed in absentia under section 240(b)(5)(A), which, as noted, permits notice under section 239(a)(1) or (2). Because the respondent refused to provide an address after she was advised of her obligation to do so in the notice to appear, notice of the time and place of her hearing was not required under either section of statute, so in absentia proceedings were appropriate.

In contrast, the alien in *Pereira* provided his correct address and established that he did not receive a notice of hearing. *Pereira* is also distinguishable from the respondent's case because she did not apply for cancellation of removal in 2005 and she was ordered removed by the Immigration Judge for reasons unrelated to the operation of the "stop-time" rule. Under the circumstances of this case, therefore, we conclude that the Supreme Court's decision in *Pereira* is distinguishable and does not require that the respondent's in absentia order of removal be rescinded or that her proceedings be terminated. *See Matter of Pena-Mejia*, 27 I&N Dec. 546, 550 (BIA 2019) (stating that *Pereira* "is inapplicable outside of the narrow context of the 'stop-time' rule" of section 240A(d)(1) of the Act, which is distinct from the rules regarding failure to appear in section 240(b)(5)(A)).

Our holding is supported by the circuit courts that have considered the implications of *Pereira* in the context of in absentia proceedings. In *Mauricio-Benitez v. Sessions*, 908 F.3d 144, 148 (5th Cir. 2018), the United

States Court of Appeals for the Fifth Circuit, in whose jurisdiction this case arises, upheld our decision declining to reopen or rescind an in absentia order of removal where the alien did not receive a notice of hearing as a result of his failure to provide a correct address to the Immigration Court. The court also noted that because the Supreme Court's focus in *Pereira* was on the narrow question of the operation of the "stop-time" rule for cancellation of removal, it did not affect the court's holding in *Gomez-Palacios* that an in absentia removal order should not be rescinded where lack of notice resulted from the alien's failure to update his mailing address. *Id.* at 148 & n.1 (noting that since cancellation and reopening are "entirely different," in cases involving reopening "*Pereira*'s rule regarding cancellation is inapplicable"); *see also Fuentes-Pena v. Barr*, 917 F.3d 827, 830 n.2 (5th Cir. 2019).

The Sixth Circuit also addressed a situation involving an in absentia order of removal in *Santos-Santos v. Barr*, 917 F.3d 486 (6th Cir. 2019). The alien there argued that under *Pereira*, his notice to appear, which did not specify the date and time of the hearing, did not vest jurisdiction in the Immigration Court. Rejecting that assertion, the court found that *Pereira* is distinguishable because it "(1) dealt with whether the narrow "stop-time" rule can be triggered by [a notice to appear] omitting the time and place of the initial hearing, and (2) addressed two statutory provisions distinct from the regulations at issue." *Id.* at 489. The court also stated that the statute "does not address jurisdictional prerequisites" and that the regulations governing when and how jurisdiction vests with the Immigration Judge do not require references to the time and place of the hearing to vest jurisdiction. *Id.* at 490–91. Relying on section 240(b)(5)(A) of the Act, the court held that rescission of the alien's in absentia order of removal was not warranted because the notice of hearing mailed to him at his listed address met the requirements of section 239(a)(2) regarding notice of the time and place of the hearing. *Id.* at 491–92; *see also Molina-Guillen v. U.S. Att'y Gen.*, 758 F. App'x 893, 898–99 (11th Cir. 2019) (per curiam) (distinguishing *Pereira* where the alien received a notice of hearing supplying the missing date and time information, which together with the notice to appear "fulfilled the notice requirements" in section 239(a)(1) of the Act).

In regard to the denial of her motion to reopen sua sponte, the respondent argues that the Immigration Judge erred in stating that a provisional waiver of unlawful presence is available to her through the USCIS despite her outstanding in absentia order of removal. She further asserts that the Immigration Judge provided no analysis for his finding that she did not establish exceptional circumstances to warrant sua sponte reopening.

Whether proceedings should be reopened sua sponte is a discretionary determination to be made based on the totality of circumstances presented in each case. The respondent argued in her motion to reopen that she and her

United States citizen family members will suffer extreme hardship upon her removal based on their personal circumstances and the country conditions in Brazil. She is the beneficiary of an approved visa petition filed by her United States citizen husband, whom she married and had a child with after being ordered removed in absentia. She submitted evidence regarding her personal and family circumstances and the country conditions in Brazil, along with other supporting documents.

Upon our de novo review, we find that the respondent's case does not present an exceptional situation that warrants the exercise of discretion to reopen sua sponte, regardless of the availability of a provisional waiver.[3] *Matter of J-J-*, 21 I&N Dec. 976, 984 (BIA 1997) (stating that the power to reopen sua sponte "is not meant to be used as a general cure for filing defects or to otherwise circumvent the regulations, where enforcing them might result in hardship"). Accordingly, we agree with the Immigration Judge's decision denying the respondent's motion to sua sponte reopen her in absentia removal proceedings, and we will dismiss her appeal.

**ORDER:** The appeal is dismissed.

---

[3] As the Immigration Judge noted, individuals who are subject to a final order of removal may qualify for a provisional unlawful presence waiver of inadmissibility under certain circumstances. 8 C.F.R. § 212.7(e)(4)(iv) (2018).