# Matter of Sergio Rodolfo LAPARRA-DeLeon, Respondent

*Decided January 18, 2022*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

A respondent receives sufficient written notice to support the entry of an in absentia order of removal, even if he or she was served with a noncompliant notice to appear that did not specify the time or place of the hearing, where the respondent was properly served with a statutorily compliant notice of hearing specifying this information. *Niz-Chavez v. Garland*, 141 S. Ct. 1474 (2021), distinguished. *Matter of Pena-Mejia*, 27 I&N Dec. 546 (BIA 2019), and *Matter of Miranda-Cordiero*, 27 I&N Dec. 551 (BIA 2019), reaffirmed.

FOR RESPONDENT: Lidia M. Sanchez, Esquire, Providence, Rhode Island

FOR THE DEPARTMENT OF HOMELAND SECURITY: Meggan G. Johnson, Associate Legal Advisor

BEFORE: Board Panel: GREER and O'CONNOR, Appellate Immigration Judges; DE CARDONA, Temporary Appellate Immigration Judge.

GREER, Appellate Immigration Judge:

On July 19, 2021, the respondent filed a motion with this Board to reopen and terminate his removal proceedings, or alternatively to reopen and rescind the in absentia removal order entered against him on April 12, 2010, based on the United States Supreme Court's decisions in *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), and *Niz-Chavez v. Garland*, 141 S. Ct. 1474 (2021). We conclude that these decisions do not alter the validity of the in absentia removal order entered against the respondent. Although he was served with a notice to appear that did not specify the time or place of the hearing at which he was ordered removed in absentia, he was later served with a notice of hearing that complied with the statute and specified this information as well as the consequences of failing to appear for his hearing. These documents vested the Immigration Judge with jurisdiction over his proceedings, supplied the respondent with sufficient notice of the time and place of his hearing, and informed him he could be ordered removed in absentia if he failed to appear. Accordingly, his motion will be denied.

## I.  FACTUAL AND PROCEDURAL HISTORY

The respondent is a native and citizen of Guatemala who entered the United States without inspection at an unknown place and date.  The Department of Homeland Security ("DHS") personally served him with a notice to appear on July 15, 2008, ordering him to appear for a hearing before an Immigration Judge in Boston, Massachusetts, at a date and time to be set.  On March 19, 2010, the Immigration Court sent a notice of hearing to the respondent at the address he provided, notifying him that his initial hearing was scheduled to take place before the Boston Immigration Court on April 8, 2010, at 1:30 p.m. and of the consequences of failing to attend this hearing.  When the respondent did not appear at that hearing, the Immigration Judge ordered him removed in absentia.

Citing *Pereira v. Sessions*, the respondent moved to reopen and terminate his proceedings, arguing that the Immigration Judge had no jurisdiction over the proceedings because he was served with a notice to appear that did not list the date and time of the removal hearing.  The Immigration Judge denied the respondent's motion based on the Board's decision in *Matter of Bermudez-Cota*, 27 I&N Dec. 441 (BIA 2018).  In that case, we distinguished *Pereira* and held that a notice to appear that does not specify the time or place of a noncitizen's initial removal hearing vests an Immigration Judge with jurisdiction over the removal proceedings and meets the requirements of section 239(a) of the Immigration and Nationality Act, 8 U.S.C. § 1229(a) (2018), so long as a notice of hearing specifying this information is later served on the noncitizen.  The respondent appealed from the Immigration Judge's denial of his motion, and we dismissed the respondent's appeal from the Immigration Judge's decision.

In his current motion to terminate, the respondent relies on the Supreme Court's decision in *Niz-Chavez v. Garland* to again argue that his notice to appear failed to vest the Immigration Judge with jurisdiction.  He additionally argues that his in absentia removal order must be rescinded because he was not served with "written notice" of his hearing, as required by section 240(b)(5)(A) of the Act, 8 U.S.C. § 1229a(b)(5)(A) (2018).[1]

## II.  LEGAL BACKGROUND

The noncitizen in *Pereira v. Sessions* was issued a notice to appear in 2006 that did not specify the date and time for his initial hearing, and a notice of hearing containing this information was sent to the wrong address in 2007. The noncitizen did not appear and was ordered removed in absentia.  In 2013,

---

[1]  To resolve any issue regarding the timeliness of the respondent's motion, we will address his arguments on our own motion.  8 C.F.R. §1003.2(a) (2021).

the in absentia removal order was rescinded and proceedings were reopened because the noncitizen did not receive the notice of hearing. In reopened proceedings, the Immigration Judge relied on *Matter of Camarillo*, 25 I&N Dec. 644 (BIA 2011), *abrogated by Pereira*, 138 S. Ct. at 2114, to conclude that service of the notice to appear had triggered the so-called "stop-time" rule under section 240A(d)(1)(A) of the Act, 8 U.S.C. § 1229b(d)(1)(A) (2018). The "stop-time" rule provides that service of "a notice to appear under section 239(a)" ends a noncitizen's accrual of continuous residence and physical presence in the United States for purposes of cancellation of removal. Section 240A(d)(1)(A) of the Act. In *Matter of Camarillo*, we held that the service of a notice to appear triggers the "stop-time" rule, even if the notice to appear does not include the date and time of the initial hearing. Because the noncitizen in *Pereira* had not accrued the requisite period of continuous presence following service of the notice to appear, the Immigration Judge denied his application for cancellation of removal. We dismissed the noncitizen's appeal.

The Supreme Court's decision in *Pereira* abrogated *Matter of Camarillo*, holding that a noncompliant notice to appear which does not specify the time or place of the initial removal hearing is not "a notice to appear under section 239(a)" and cannot trigger the "stop-time" rule. The Court left open whether a statutorily compliant notice of hearing could cure a noncompliant notice to appear by separately providing the required time and place information and trigger the "stop-time" rule.

Following *Pereira*, this Board issued *Matter of Bermudez-Cota*, addressing the threshold issue of whether jurisdiction vested with the Immigration Court based on a noncompliant notice to appear that does not specify the time or place of the initial hearing. As noted, we distinguished *Pereira* in *Matter of Bermudez-Cota*, noting that the "dispositive question" before the Court in *Pereira* "was whether a notice to appear that does not specify the time and place at which proceedings will be held . . . triggers the 'stop-time' rule for purposes of cancellation of removal." 27 I&N Dec. at 443 (citation omitted). We held that a noncompliant notice to appear vested an Immigration Court with jurisdiction over a case, and thus *Pereira* did not require termination, so long as a noncitizen was later served with a notice of hearing that complies with the requirements of section 239(a)(2) and specifies the time and place of the removal hearing.

Most circuits have agreed with our holding in *Matter of Bermudez-Cota*, although some have treated the regulations governing the docketing of a case before an Immigration Judge through the filing of a notice to appear as a claim-processing rule. *See Matter of Arambula-Bravo*, 28 I&N Dec. 388, 391–92 & n.3 (BIA 2021) (collecting cases). The Board clarified these divergent views in *Matter of Rosales Vargas and Rosales Rosales*, 27 I&N

Dec. 745, 753 (BIA 2020), recognizing that certain rules under the regulations for initiating proceedings are "internal docketing or claim-processing rule[s]" that do not "serve to limit subject matter jurisdiction" of the Immigration Courts.

In the in absentia context, the Board held in *Matter of Pena-Mejia*, 27 I&N Dec. 546, 548 (BIA 2019), that an Immigration Judge may enter an in absentia order of removal "if a written notice containing the time and place of the hearing was provided *either* in a notice to appear under section 239(a)(1), *or* in a subsequent notice [of hearing specifying] the time and place of the hearing pursuant to section 239(a)(2)." *Accord Matter of Miranda-Cordiero*, 27 I&N Dec. 551, 553 (BIA 2019). In reaching this holding, the Board relied on the disjunctive wording of section 240(b)(5)(A), decisions from the jurisdictional context, like *Matter of Bermudez-Cota*, and the relevant regulations, which do not require a notice to appear to include time and place information to vest jurisdiction with an Immigration Court. In a companion case, *Matter of Miranda-Cordiero*, we interpreted section 240(b)(5)(B) and held that rescinding an in absentia removal order was not required if a noncitizen failed to provide an address where a notice of hearing could be sent pursuant to section 239(a)(1)(F) of the Act, regardless of whether the notice to appear specified the time and place of the hearing. In both *Matter of Pena-Mejia* and *Matter of Miranda-Cordiero*, we viewed the jurisdictional issue and when it is appropriate to enter an in absentia removal order as distinct from the "stop-time" rule issue considered in *Pereira*, because the latter is tethered to "specific language in the 'stop-time' provisions of section 240A(d)(1) of the Act, while the [former are] governed by the rules regarding failure to appear in section 240(b)(5)(A), as well as the regulations applicable to that statute." *Matter of Pena-Mejia*, 27 I&N Dec. at 550; *see also Matter of Miranda-Cordiero*, 27 I&N Dec. at 553.

To answer the question left open in *Pereira*, namely, whether a compliant notice of hearing could cure a noncompliant notice to appear by separately providing time and place information and trigger the "stop-time" rule, the Board issued *Matter of Mendoza-Hernandez and Capula-Cortes*, 27 I&N Dec. 520 (BIA 2019), *overruled in part by Matter of M-F-O-*, 28 I&N Dec. 408, 416 n.13 (BIA 2021). In that case, we answered this question in the affirmative, holding that "where a notice to appear does not specify the time or place of an . . . initial removal hearing, . . . service of a notice of hearing containing that information perfects the deficient notice to appear . . . and ends the . . . period of continuous residence or physical presence" pursuant to the "stop-time" rule. *Id.* at 529.[2] Our holding in *Matter of*

---

[2] We likewise held that service of a noncompliant notice to appear ends the accrual of physical presence for purposes of voluntary departure so long as a noncitizen is later served with a notice of hearing in *Matter of Viera-Garcia and Ordonez-Viera*, 28 I&N Dec. 223,

*Mendoza-Hernandez and Capula-Cortes* generated a circuit split,[3] which the Supreme Court resolved in *Niz-Chavez*, 141 S. Ct. at 1479–80.

In that case, the Court held that a notice to appear must be a single document containing all the information specified in section 239(a)(1) of the Act—including the time and place of the noncitizen's removal hearing—before it will trigger the "stop-time" rule, even if the noncitizen is later served with a notice of hearing specifying this time and place information. After *Niz-Chavez*, the Board revisited whether a noncompliant notice to appear vests an Immigration Court with jurisdiction. *See Matter of Arambula-Bravo*, 28 I&N Dec. at 391–92. Consistent with every circuit court of appeals that has considered the question,[4] we held that *Niz-Chavez* does not alter our prior conclusions in *Matter of Bermudez-Cota* and *Matter of Rosales Vargas and Rosales Rosales* that a noncompliant notice to appear vests jurisdiction with an Immigration Judge so long as a respondent is later served with a notice of hearing specifying the time and place of the hearing, and we followed our holdings in those decisions.

---

226 (BIA 2021). However, we later overruled that holding to the extent it was inconsistent with *Niz-Chavez* and adopted the holding from the governing circuit. *See Matter of M-F-O-*, 28 I&N Dec. at 416–17 (overruling *Matter of Viera-Garcia and Ordonez-Viera* and applying nationwide the standard announced in *Posos-Sanchez v. Garland*, 3 F.4th 1176 (9th Cir. 2021)).

[3]  *Compare Yanez-Pena v. Barr*, 952 F.3d 239, 246 (5th Cir. 2020) (deferring to our holding in *Mendoza-Hernandez and Capula-Cortes*), *vacated*, 141 S. Ct. 2589 (2021) (vacating and remanding based on *Niz-Chavez*), *and Garcia-Romo v. Barr*, 940 F.3d 192, 196–97 (6th Cir. 2019) (concluding that the statute is unambiguous and agreeing with our holding), *vacated*, 141 S. Ct. 2590 (2021) (vacating and remanding in light of *Niz-Chavez*), *with Banuelos v. Barr*, 953 F.3d 1176, 1178 (10th Cir. 2020) (concluding that the "stop-time" rule requires a single, complete notice to appear, not a "combination of documents"), *Guadalupe v. Att'y Gen. U.S.*, 951 F.3d 161, 164–66 (3d Cir. 2020) (same), *and Lopez v. Barr*, 925 F.3d 396, 399–400 (9th Cir. 2019) (same), *remanded*, 998 F.3d 851 (9th Cir. 2021) (en banc) (remanding based on *Niz-Chavez*).

[4]  *See Chavez-Chilel v. Att'y Gen. U.S.*, 20 F.4th 138, 142–44 & n.7 (3d Cir. 2021); *United States v. Castillo-Martinez*, 16 F.4th 906, 913–14 & n.3 (1st Cir. 2021); *Chery v. Garland*, 16 F.4th 980, 986–87 (2d Cir. 2021); *Ramos Rafael v. Garland*, 15 F.4th 797, 800–01 (6th Cir. 2021); *Tino v. Garland*, 13 F.4th 708, 709 n.2 (8th Cir. 2021) (per curiam); *United States v. Bastide-Hernandez*, 3 F.4th 1193, 1196 (9th Cir.) (agreeing that a noncompliant notice to appear could vest jurisdiction), *vacated and reh'g en banc granted*, 20 F.4th 1230 (9th Cir. 2021); *Maniar v. Garland*, 988 F.3d 235, 242 & n.2 (5th Cir. 2021); *cf. De La Rosa v. Garland*, 2 F.4th 685, 687–88 (7th Cir. 2021) (citing *Niz-Chavez* in support of its holding that a noncompliant notice to appear violates a claim-processing rule, not a jurisdictional requirement).

## III.  ANALYSIS

### A.  Termination

After the respondent was served with a noncompliant notice to appear, he was served with a compliant notice of hearing specifying the time and place of his hearing.  Accordingly, our recent precedential decision in *Matter of Arambula-Bravo*, 28 I&N Dec. at 390–92, forecloses the respondent's argument that his proceedings should be terminated for lack of jurisdiction.  The Immigration Judge therefore had jurisdiction over these removal proceedings, and neither *Pereira* nor *Niz-Chavez* require termination.  *Id.* at 391; *see also United States v. Castillo-Martinez*, 16 F.4th 906, 913–14 & n.3 (1st Cir. 2021).  We will therefore deny the respondent's motion to terminate.

### B.  In Absentia Removal Order

The only remaining issue is whether we should rescind the Immigration Judge's in absentia order of removal because the respondent did not receive sufficient notice of his removal hearing.  Section 240(b)(5)(A) of the Act provides that a respondent "shall be ordered removed in absentia" if a respondent has been provided with "written notice required under paragraph (1) or (2) of section 239(a)" of the Act.  In turn, section 240(b)(5)(C)(ii) provides, in relevant part, that an in absentia order of removal "may be rescinded" if a respondent "did not receive notice in accordance with paragraph (1) or (2) of section 239(a)."[5]  As noted, we held that in light of the statute's use of the disjunctive term "or," an in absentia order of removal may be entered and need not be rescinded if "a written notice containing the time and place of the hearing was provided *either* in a notice to appear under section 239(a)(1) *or* in a subsequent notice of the time and place of the hearing pursuant to section 239(a)(2)."  *Matter of Pena-Mejia*, 27 I&N Dec. at 548; *accord Matter of Miranda-Cordiero*, 27 I&N Dec. at 553.

The respondent argues that we should withdraw from our decisions in *Matter of Pena-Mejia* and *Matter of Miranda-Cordiero* in light of *Niz-Chavez*.  He contends we should rescind his in absentia removal order because he did not receive sufficient notice under sections 240(b)(5)(A) and (C)(ii) of the Act, even though he was served a notice of hearing specifying the time and place of the hearing at which he was ordered removed in

---

[5]  Congress added both provisions to the Act in 1996, when it added sections 239(a)(1) and (2) and the "stop-time" rule under section 240A(d)(1) to the Act.  *See* Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub. L. No. 104-208, Div. C, § 304(a)(3), 110 Stat. 3009-546, 3009-587.

absentia and the consequences of failing to appear for this hearing.  We disagree and will reaffirm our holdings in *Matter of Pena-Mejia* and *Matter of Miranda-Cordiero*.

### i.  *Niz-Chavez*

Unlike the provisions at issue in *Niz-Chavez*, the ordinary meaning of the in absentia provisions at sections 240(b)(5)(A) and (C)(ii) of the Act and their place in the overall statutory scheme reflect that rescinding the respondent's in absentia order of removal is not warranted.  141 S. Ct. at 1480, 1482 (stating that in resolving a "dispute over a statute's meaning, [we] normally seek[] to afford the law's terms their ordinary meaning at the time Congress adopted them" and look to the "statutory structure and history").

In support of its holding, the Supreme Court in *Niz-Chavez* relied on the fact that section 239(a)(1) of the Act defines "written notice" for purposes of that provision as "*a* 'notice to appear.'"  *Id.* at 1480 (emphasis added) (quoting section 239(a)(1) of the Act).  The Court found it significant that Congress used the indefinite article "'a' . . . outside the defined term ('notice to appear') [to] modif[y] the entire definition" of "notice to appear" under section 239(a)(1), thereby requiring "'a' written notice containing all the required information" listed under that provision, including the time and place of proceedings.  *Id.*  The Court also observed that section 240A(d)(1), the provision that "creates the stop-time rule, . . . separately speaks of 'a' notice to appear."  *Id.* at 1481.  Accordingly, the Court concluded that Congress meant the "stop-time" rule to be triggered by "'a' single document"—namely, a notice to appear specifying all of the information required under section 239(a)(1), including the time and place of the noncitizen's removal hearing.  *Id.*

In contrast to the provisions discussed in *Niz-Chavez*, the in absentia provisions at issue here do not use an indefinite or definite article ("a" or "the") to modify the terms "written notice" and "notice" under section 239(a)(1) or (2).  Rather, section 240(b)(5)(A) of the Act mandates the entry of an in absentia order of removal in certain cases where a respondent fails to appear "after *written notice* required under paragraph (1) or (2) of section 239(a) has been provided." (Emphasis added.)[6]  And section 240(b)(5)(C)(ii)

---

[6]   We note the definite article "the" appears before two subsequent references to "written notice" in section 240(b)(5)(A), to specify that a noncitizen cannot be ordered removed absent evidence that he or she was served with "the written notice" at the most recent address provided.  We read these latter uses of the article "the" to modify "written notice" as referring back to the unmodified, introductory phrase "written notice," which describes notice provided pursuant to either a notice to appear under section 239(a)(1) or a notice of hearing under section 239(a)(2).  *See Yates v. United States*, 574 U.S. 528, 543 (2015)

of the Act provides that an in absentia order may be rescinded upon a motion filed "at any time" demonstrating that a respondent "did not receive *notice* in accordance with paragraph (1) or (2) of section 239(a)."  (Emphasis added.)

We conclude that unlike the "stop-time" rule at section 240A(d)(1), sections 240(b)(5)(A) and (C)(ii) do not use the terms "written notice" or "notice" to describe a discrete act of notice coming in the form of a single document, namely, a notice to appear.  *See Niz-Chavez*, 141 S. Ct. at 1481 (observing that had Congress been indifferent about whether notice should come in a single document or multiple documents under the "stop-time" rule, it would have omitted a definite or indefinite article before the term "notice"); *cf. Chery v. Garland*, 16 F.4th 980, 987 (2d Cir. 2021) (distinguishing *Niz-Chavez* in the jurisdictional context because the governing regulations refer to written notice unmodified by an indefinite article, whereas the "stop-time" rule requires "'a' singular written notice" (citation omitted)).

Instead, sections 240(b)(5)(A) and (C)(ii) respectively provide that "written notice" or "notice" may be provided under, or in accordance with, either "paragraph (1) *or* (2) of section 239(a)."  (Emphasis added.) Accordingly, an in absentia order of removal may be entered and need not be rescinded "if a written notice containing the time and place of the hearing was provided *either* in a notice to appear under section 239(a)(1) *or* in a subsequent notice of the time and place of the hearing pursuant to section 239(a)(2)." *Matter of Pena-Mejia*, 27 I&N Dec. at 548; *accord Matter of Miranda-Cordiero*, 27 I&N Dec. at 553.[7]  A notice of hearing under section 239(a)(2), though similar to a notice to appear under section 239(a)(1), must specify "the new time or place of the proceedings, and . . . the consequences under section 240(b)(5) of failing . . . to attend such proceedings."  Section 239(a)(2)(i)–(ii) of the Act.[8]

_____

(relying "on the principle of *noscitur a sociis*—a word is known by the company it keeps—to 'avoid ascribing to one word a meaning . . . inconsistent with its accompanying words'" (citation omitted)).

[7]   Although we did not specifically address section 240(b)(5)(C)(ii) in *Matter of Pena-Mejia* or *Matter of Miranda-Cordiero*, to the extent that provision contains identical language to section 240(b)(5)(A), we ascribe the same meaning to that language.  *See Pereira*, 138 S. Ct. at 2115 ("[I]t is a normal rule of statutory construction that identical words used in different parts of the same act are intended to have the same meaning." (citation omitted)).

[8]   We do not read *Niz-Chavez* as precluding the service of a compliant notice of hearing in the absence of a compliant notice to appear.  Although the Court stated that a compliant notice of hearing could not trigger the "stop-time" rule in the absence of a compliant notice to appear, *Niz-Chavez*, 141 S. Ct. 1485, it did not address the specific issue before us: whether a compliant notice of hearing could supply a respondent with sufficient "written notice" to trigger the in absentia provisions of the Act, even in the absence of a compliant notice to appear.

It makes sense that "written notice" and "notice," for purposes of sections 240(b)(5)(A) and (C)(ii), respectively, may come in the form of either a statutorily compliant notice to appear or a compliant notice of hearing because the statute requires both documents to inform a respondent of: (1) the time and place of the hearing at which he or she could be ordered removed; and (2) that the respondent could be ordered removed in absentia if he or she fails to appear for that hearing. *Compare* sections 239(a)(1)(G)(i)–(ii) of the Act, *with* sections 239(a)(2)(A)(i)–(ii) of the Act. Once it is shown that a respondent has received both pieces of information and fails to appear, an Immigration Judge must, provided other requirements have been met,[9] enter an in absentia removal order. *See* 8 C.F.R. § 1003.26(c)(2) (2021) (stating that a noncitizen shall be ordered removed in absentia if, among other things, it is established that he or she received "written notice of the time and place of proceedings and written notice of the consequences of failure to appear").

In other words, a respondent may be ordered removed in absentia if he or she receives a statutorily compliant notice to appear under section 239(a)(1) specifying the time and place of the hearing at which he or she may be ordered removed and the consequences of failing to appear for that hearing. However, once it has been shown that a respondent has been properly served with a statutorily compliant notice of hearing under section 239(a)(2), notifying him or her of this information, the respondent has received sufficient "written notice" to trigger the in absentia provision at section 240(b)(5)(A), even in the absence of a statutorily compliant notice to appear. In such a case, moreover, rescinding the in absentia order for lack of "notice" under section 240(b)(5)(C)(ii) of the Act would not be warranted. *See* 8 C.F.R. § 1003.23(b)(4)(ii) (2021) (providing that an in absentia order may be rescinded upon a showing that the respondent "did not receive notice in accordance with sections 239(a)(1) or (2) of the Act").

The United States Court of Appeals for the Sixth Circuit reached the same conclusion in *Santos-Santos v. Barr*, 917 F.3d 486 (6th Cir. 2019). In that case, even though the noncitizen had not received "written notice" under section 239(a)(1) because his notice to appear "did not include the date and time of the removal proceeding," the court concluded he received sufficient "written notice" to trigger section 240(b)(5)(A) since he was served with a statutorily compliant notice of hearing under section 239(a)(2), which specified this information. *Id.* at 492. Thus, the court found that rescinding

---

[9]   In addition to demonstrating that the respondent received "written notice" of the time and place of his hearing and the consequences of failing to appear, the DHS must have shown by clear and convincing evidence that he was removable as charged in the notice to appear before he could be ordered removed in absentia. Section 240(b)(5)(A) of the Act; 8 C.F.R. § 1003.26(c)(1) (2021).

the noncitizen's in absentia order for lack of "notice" under section 240(b)(5)(C)(ii) of the Act was not warranted.

We therefore hold that the respondent received sufficient "written notice" to support the entry of an in absentia order of removal under section 240(b)(5)(A), and that order need not be rescinded for lack of "notice" under section 240(b)(5)(C)(ii) of the Act, because, even though he was served with a noncompliant notice to appear that did not specify the time or place of his removal hearing, he was properly served with a statutorily compliant notice of hearing under section 239(a)(2) specifying this information. Accordingly, we will deny his motion to reopen and rescind the in absentia removal order.

### ii. Overall Statutory Context and Regulatory History

Our holding is consistent with the place of sections 240(b)(5)(A) and (C)(ii) in the overall statutory scheme as well as the relevant regulatory history. As noted, the "stop-time" rule denotes a discrete moment in time when a respondent is served with notice and stops accruing continuous presence or residence for purposes of cancellation of removal. However, sections 239(a)(1), (2), 240(b)(5)(A), and (C)(ii) of the Act, when read together, contemplate an ongoing process. In the normal course of adjudicating a case, once subject matter has vested with an Immigration Court through the service of the notice to appear—even if that notice to appear lacks time or place information—an Immigration Judge will continue to apprise the parties of new hearing dates by serving them with notices of hearing under section 239(a)(2). *See Matter of Arambula-Bravo*, 28 I&N Dec. at 389–92. For any given proceeding, there may be multiple hearings necessitating the service of multiple notices of hearing under section 239(a)(2). An in absentia removal order may be entered at any time during this ongoing process, and that order can be rescinded "at any time" if a respondent demonstrates that he or she did not receive the latest notice pursuant to either a compliant notice to appear under section 239(a)(1) *or* a section 239(a)(2) notice of hearing. Section 240(b)(5)(C)(ii) of the Act.[10]

---

[10] By contrast, section 240(b)(7) of the Act, the provision most analogous to the ones at issue here, does not describe an ongoing process. It instead explicitly references a single, discrete moment in time when a noncitizen receives written and oral notice of the time and place of their hearing and the consequences of failing to appear. That provision bars certain noncitizens ordered removed in absentia from applying for discretionary forms of relief if "at *the time* of the notice described in paragraph (1) or (2) of section 239(a), [the noncitizen] was provided oral notice . . . of the time and place of the proceedings and of the consequences . . . of failing . . . to attend [the] proceeding." Section 240(b)(7) of the Act (emphasis added); *cf. Matter of Alyazji*, 25 I&N Dec. 397, 405 (BIA 2011) (holding that the phrase "*the date* of admission" in section 237(a)(2)(A)(i) of the Act, 8 U.S.C.

Moreover, prior to the enactment of sections 239(a)(1), (2), 240(b)(5)(A), and (C)(ii), the governing regulations provided that Immigration Courts were solely responsible for scheduling cases and "providing notice of the time, place, and date of the hearing to the government and [noncitizen]." 8 C.F.R. § 3.18 (1996). After these provisions were enacted, the pertinent regulation was revised to state that in removal proceedings, the legacy Immigration and Naturalization Service—now the DHS—was responsible for providing, in a notice to appear, "the time, place and date of the initial removal hearing, where practicable." Inspection and Expedited Removal of Aliens; Detention and Removal of Aliens; Conduct of Removal Proceedings; Asylum Procedures, 62 Fed. Reg. 10,312, 10,332 (Mar. 6, 1997) (codified at 8 C.F.R. § 3.18(b) (1998)).[11] However, where the DHS does not provide this information in the notice to appear, "the Immigration Court [is] responsible for scheduling the initial removal hearing and providing notice to [the parties] of the time, place, and date of the hearing." 8 C.F.R. § 1003.18(b) (2021). This regulation additionally provides that an Immigration Court must provide "written notice" specifying a new or changed "time and place of the proceeding and the consequences under section 240(b)(5) . . . of failing to . . . to attend such proceeding." *Id.* Thus, the relevant regulatory history supports our conclusion that following the enactment of sections 239(a)(1), (2), 240(b)(5)(A), and (C)(ii), either the DHS or the Immigration Court may schedule the initial removal hearing and notify the respondent of the time and place of that hearing, and the consequences of failing to appear, through either a notice to appear under section 239(a)(1) or a notice of hearing under section 239(a)(2) of the Act, respectively.

We also believe our reading of sections 240(b)(5)(A) and (C)(ii) harmonizes these provisions with the case law from this Board and most circuit courts holding that a noncompliant notice to appear vests an Immigration Judge with jurisdiction to order a noncitizen removed. Under this case law, a noncitizen who receives a noncompliant notice to appear, but is later served with a compliant notice of hearing specifying the time and place of the hearing, can be ordered removed if he appears for the hearing specified in the hearing notice. *See, e.g.*, *Matter of Arambula-Bravo*, 28 I&N Dec. at 390–92. However, under the respondent's reading of sections 240(b)(5)(A) and (C)(ii), that very same noncitizen would be shielded from removal if he failed to appear. This would be the case even if the noncitizen had previously appeared before the Immigration Judge pursuant to a prior notice of hearing. We do not believe the respondent's reading is consistent

---

§ 1227(a)(2)(A)(i) (2006), "naturally connotes a single date" (emphasis added) (citation omitted)).

[11] This regulation was later renumbered as 8 C.F.R. § 1003.18(b) (2021), which is identical to § 3.18(b) in all material respects.

with binding precedents from this Board and the First Circuit, in whose jurisdiction this case arises, regarding the Immigration Court's subject matter jurisdiction. *See id.*; *see also Castillo-Martinez*, 16 F.4th at 913–14 & n.3. But we believe our reading is.

Finally, we recognize that the Fifth Circuit recently issued a decision reaching a contrary conclusion. *See Rodriguez v. Garland*, 15 F.4th 351, 354–56 (5th Cir. 2021).[12]  In that case, the court found that a respondent did not receive "notice" of his removal hearing within the meaning of section 240(b)(5)(C)(ii) where he received a noncompliant notice to appear but was later served with a compliant notice of hearing.  The court reasoned that section 240(b)(5)(C)(ii) requires "notice" under "section 239(a)," which *Niz-Chavez* held must be a single document in the form of a notice to appear. However, the court based this reasoning on a recitation of section 240(b)(5)(C)(ii) that omitted the disjunctive phrase "paragraph (1) or (2)" from the statute and relied solely on a reference to "section 239(a)." *See id.* at 354–55 (stating that this provision provides that "an in absentia removal order may be rescinded 'upon a motion to reopen filed at any time if the alien demonstrates that the alien did not receive notice in accordance with [8 U.S.C. § 1229(a)]'" (alteration in original) (quoting section 240(b)(5)(C)(ii) of the Act)).

In any event, *Rodriguez* does not apply here because this case arises in the First Circuit.  In our view, our analysis and interpretation of sections 240(b)(5)(A) and (C)(ii) are consistent with the relevant statutory language, including its ordinary meaning and place in the overall statutory scheme, our prior holdings in *Matter of Pena-Mejia* and *Matter of Miranda-Cordiero*, which we reaffirm, the governing regulations and regulatory history, and the case law relating to subject matter jurisdiction.  Accordingly, the respondent's motions to terminate his removal proceedings and to reopen his proceedings and rescind the in absentia order are denied.

**ORDER:**  The respondent's motion to terminate is denied.

**FURTHER ORDER:**    The respondent's motion to reopen his proceedings and rescind the in absentia order of removal is denied.

---

[12] The court also recently issued *Spagnol-Bastos v. Garland*, 19 F.4th 802, 806–07 (5th Cir. 2021) (per curiam), in which it held, consistent with our decision in *Matter of Miranda-Cordiero*, that rescinding an in absentia order is not warranted where a noncitizen who was served with a noncompliant notice to appear failed to provide an address where a notice of hearing could be sent pursuant to section 239(a)(1)(F) of the Act.