# Matter of Sergio Rodolfo LAPARRA-DELEON, Respondent

*Decided by Board December 17, 2025[1]*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

*Matter of Laparra*, 28 I&N Dec. 425 (BIA 2022), which held that service of a statutorily compliant notice of hearing is sufficient written notice to support the entry of an in absentia order of removal even if the respondent was served with a noncompliant notice to appear, is reinstated in the Court of Appeals for the First Circuit and is good law in any circuit without contrary precedent.

FOR THE RESPONDENT: Lidia M. Sanchez, Esquire, Providence, Rhode Island

FOR THE DEPARTMENT OF HOMELAND SECURITY: Alexandra Wolff, Assistant Chief Counsel

BEFORE: Board Panel: GOODWIN and VOLKERT, Appellate Immigration Judges; MCCLOSKEY, Temporary Appellate Immigration Judge.

GOODWIN, Appellate Immigration Judge:

On November 4, 2022, the United States Court of Appeals for the First Circuit issued *Laparra-Deleon v. Garland*, 52 F.4th 514 (1st Cir. 2022), vacating our prior published decision in part and remanding this case for further proceedings consistent with its opinion. The Department of Homeland Security ("DHS") moves to reinstate our prior decision, *Matter of Laparra*, 28 I&N Dec. 425 (BIA 2022), in light of intervening precedent from the Supreme Court of the United States in *Campos-Chaves v. Garland*, 602 U.S. 447 (2024). The respondent has not responded to DHS' motion, which will be granted.

The respondent, who was initially served with a notice to appear at a date and time "to be set,"[2] was properly served on March 19, 2010, with a notice

---

[1] Pursuant to Order No. 6581-2026, dated January 9, 2026, the Attorney General designated the Board's decision in *Matter of Laparra-Deleon* (BIA Dec. 17, 2025), as precedent in all proceedings involving the same issue or issues. *See* 8 C.F.R. § 1003.1(g)(3) (2025). Editorial changes have been made consistent with the designation of the case as a precedent.

[2] The notice to appear was thus statutorily noncompliant under *Pereira v. Sessions*, 585 U.S. 198, 202 (2018), and *Niz-Chavez v. Garland*, 593 U.S. 155, 161–62 (2021).

of hearing scheduled for April 8, 2010, at 1:30 p.m. at the Boston Immigration Court. *Matter of Laparra*, 28 I&N Dec. at 426. He was ordered removed in absentia after failing to appear. *Id*. We denied his subsequent motions to reopen to terminate for lack of jurisdiction and to reopen proceedings and rescind the in absentia order for lack of sufficient notice. *Id.* at 430–36.

The First Circuit granted the petition for review in part. The court agreed with our jurisdictional ruling, but remanded for further proceedings after holding that where the initial notice to appear lacked a date and time, a subsequent notice of hearing cannot support an in absentia removal order because it cannot provide a "new" time or place of the proceedings as required by section 239(a)(2)(A)(i) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1229(a)(2)(A)(i) (2018). *Laparra-Deleon*, 52 F.4th at 519–21.

The Supreme Court subsequently decided that exact issue in *Campos-Chaves*, and held that a respondent served with a notice to appear that lacks a date or time may be ordered removed in absentia under section 240(b)(5)(A) of the INA, 8 U.S.C. § 1229a(b)(5)(A) (2024), if that respondent received a notice of hearing under section 239(a)(2) of the INA, 8 U.S.C. § 1229(a)(2), and subsequently failed to appear at that hearing, because the notice of hearing can provide a "new" time or place of the proceedings. 602 U.S. at 461–62. While the First Circuit's decision was not among those directly vacated and remanded by *Campos-Chaves*, 602 U.S. at 465, the First Circuit explained that its decision "accords" with *Singh v. Garland*, 24 F.4th 1315 (9th Cir. 2022), which was. *Laparra-Deleon*, 52 F.4th at 520. And the First Circuit's reasoning relied on a statement from *Pereira v. Sessions*, 585 U.S. 198, 202 (2018), that the Supreme Court clarified was "mere dicta" in rejecting identical reasoning. *Campos-Chaves*, 602 U.S. at 463–64; *see also Laparra-Deleon*, 52 F.4th at 520. We find no way to read the First Circuit's decision in this case that does not directly conflict with *Campos-Chaves* and conclude that it has been effectively overruled.

We will therefore reinstate in the First Circuit our prior decision and holding, which accords with the Supreme Court's intervening decision in *Campos-Chaves*. As stated in our prior decision, "the respondent received sufficient 'written notice' to support the entry of an in absentia order of removal under section 240(b)(5)(A) [of the INA, 8 U.S.C. § 1229a(b)(5)(A)], and that order [cannot] be rescinded for lack of 'notice' under section 240(b)(5)(C)(ii) of the [INA, 8 U.S.C. § 1229a(b)(5)(C)(ii)]," because even though he was served with a notice to appear that did not specify the time or

place of his removal hearing, "he was properly served with a statutorily compliant notice of hearing under section 239(a)(2) [of the INA, 8 U.S.C. 1229(a)(2),] specifying this information. *Matter of Laparra*, 28 I&N Dec. at 434.[3]  Accordingly, the following orders will be entered.

**ORDER:**  DHS' motion to reinstate is granted.

**FURTHER ORDER:**  *Matter of Laparra*, 28 I&N Dec. 425 (BIA 2022), denying the motion to reopen proceedings and rescind the in absentia removal order, is reinstated.

**FURTHER ORDER:**  The motion to reopen proceedings and rescind the in absentia removal is denied.

**NOTICE:**  If a respondent is subject to a final order of removal and willfully fails or refuses to depart from the United States pursuant to the order, to make timely application in good faith for travel or other documents necessary to depart the United States, or to present himself or herself at the time and place required for removal by DHS, or conspires to or takes any action designed to prevent or hamper the respondent's departure pursuant to the order of removal, the respondent shall be subject to a civil monetary penalty of up to $998 for each day the respondent is in violation.  *See* INA § 274D, 8 U.S.C. § 1324d (2024); 8 C.F.R. § 280.53(b)(14) (2025).  Further, any respondent that has been denied admission to, removed from, or has departed the United States while an order of exclusion, deportation, or removal is outstanding and thereafter enters, attempts to enter, or is at any time found in the United States shall be fined or imprisoned not more than two years, or both.  *See* INA § 276(a), 8 U.S.C. § 1326(a) (2024).

---

[3]  Before the First Circuit, the government raised an argument that regardless of whether the respondent received written notice, he received actual notice, and thus our prior decision was harmless error.  The court noted that this argument had not been raised before the Board and left it for us to address on remand. *Laparra-Deleon*, 52 F.4th at 523.  As we reinstate our prior decision that the respondent did receive statutorily compliant written notice, we need not reach the issue.