[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-10741

_____

D.C. Docket No. 4:16-cr-00019-CDL-MSH-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DELROY ANTHONY MCLEAN,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(June 8, 2018)

Before WILSON, JORDAN and HIGGINBOTHAM,[*] Circuit Judges.

JORDAN, Circuit Judge.

---

[*] The Honorable Patrick E. Higginbotham, United States Circuit Judge for the Fifth Circuit, sitting by designation.

A jury convicted Delroy McLean of violating 18 U.S.C. § 115(a)(1)(B) by "threaten[ing] to assault" an immigration judge "with the intent to impede, intimidate, or interfere" with that judge "while [she was] engaged in the performance of official duties" (i.e., during a bond hearing).  On appeal, Mr. McLean challenges his conviction and 41-month sentence on several grounds.

One of Mr. McLean's arguments presents an issue of first impression for us (and, as far as we can tell, for the country): whether an immigration judge is a "United States judge" within the meaning of § 115(a)(1)(B).  When he moved for a judgment of acquittal at trial under Rule 29, Mr. McLean argued that immigration judges are not "United States judges" because they are not appointed under Article III of the Constitution.  *See* D.E. 54 at 5 ("We'd also argue that she's not a judge under Article [III.]").  In his pro se motion for a new trial, and in the supplement to that motion filed by his attorney, Mr. McLean asserted that immigration judges are not "United States judges" because they are employees of the Department of Justice who are appointed by and subject to the supervision of the Attorney General.  *See* D.E. 51 at 2; D.E. 61 at 3-4.  He makes that same argument now on appeal.  *See* Br. for Appellant at 22-24.[1]

---

[1] Mr. McLean did not ask the district court to define "United States judge" in its jury instructions, *see* D.E. 54 at 7, 8, 45, but the government does not argue that this failure resulted in any procedural bar.  We therefore address Mr. McLean's statutory argument on the merits.

2

Questions of statutory interpretation are "subject to plenary review." *United States v. Gilbert*, 130 F.3d 1458, 1461 (11th Cir. 1997).   If § 115 did not define "United States judge," ascertaining the meaning of the term would not be easy. That is because the term is not inherently limited to a single definition. *See generally* Black's Law Dictionary 968-69, 1768-69 (10th ed. 2014) (not containing an entry for "United States judge"); 2 Shorter Oxford English Dictionary 3448 (5th ed. 2002) (same).   It could encompass only Article III federal judges with life tenure, or Article III federal judges and Article I federal judges (such as magistrate judges and bankruptcy judges) who are selected and appointed by Article III judges, or those two categories of federal judges plus all administrative law judges in the federal system who are employed by the United States and/or one of its departments or agencies.

Fortunately, there is a statutory definition in § 115(c)(3), which provides (emphasis ours)   that "'United States judge' means *any* judicial officer of the United States, and *includes* a justice of the Supreme Court and a United States magistrate judge."   Because this definition includes as examples both an Article III federal judge (a Supreme Court justice) and an Article I federal judge (a magistrate judge), we know that the terms "United States judge" and "judicial officer of the United States" are not limited to federal judges with life tenure (i.e., Article III

3

judges).  So Mr. McLean's Rule 29 argument—that a "United States judge" must be appointed under Article III—fails.[2]

That leaves Mr. McLean's additional argument, which is that an immigration judge is not "United States judge" due to her appointment and supervision by the Attorney General.  At the end of the day, we disagree with Mr. McLean.

An immigration judge is an attorney appointed by the Attorney General as an administrative judge within the Executive Office for Immigration Review.  She is qualified to conduct specified classes of proceedings, including those involving removal under 8 U.S.C. § 1229a, and is subject to such supervision as the Attorney General directs.  She makes findings of fact (sometimes based on credibility determinations), applies legal rules and principles to those facts, and rules on questions of law. Her decisions can be appealed to the Board of Immigration Appeals, which reviews her findings of fact for clear error but exercises plenary review as to questions of law and the exercise of discretion or judgment.  *See* 8 U.S.C. § 1101(b)(4); 8 C.F.R. §§ 1003.1(d)(3)(i)-(iii), 1003.10(a)-(d).  *See also Zhu v. U.S. Att'y Gen.*, 703 F.3d 1303, 1308-14 (11th Cir. 2013) (explaining the standards of review which the Board must apply in an appeal from an immigration judge's ruling).

---

[2] Other federal statutes define the term "judicial officer" differently.  *See, e.g.,* 5 U.S.C. § 109(10); 18 U.S.C. § 3156(a)-(b); 26 U.S.C. § 1043(b)(6); 28 U.S.C. § 482.

In our view an immigration judge is a "judicial officer of the United States" and therefore a "United States judge" within the meaning of § 115(a)(1)(B). We come to this conclusion for a couple of reasons.

First, as a matter of ordinary meaning, the term "any judicial officer of the United States"—contained in § 115(c)(3)'s definition of "United States judge"—seems to encompass administrative law judges employed by the federal government. The leading American legal dictionary, for example, defines "judicial officer" not only as a "judge or magistrate," but also as a "person, usu[ally] an attorney, who serves in an appointive capacity at the pleasure of an appointing judge," and "whose actions and decisions are reviewed by that judge." Black's Law Dictionary 1257 (10th ed. 2014). That same dictionary further provides that "judicial officer" is "[a]lso termed magistrate; referee; special master; commissioner; hearing officer." *Id.* (italics omitted). An immigration judge is, at the very least, a hearing officer who is appointed by and supervised by the Attorney General, the official who appointed her.

The use of the word "includes" in § 115(c)(3) indicates that the examples that follow—a Supreme Court justice and a United States magistrate judge—are not exhaustive. As the Supreme Court explained long ago, "the term 'including' is not one of all-embracing definition, but connotes simply an illustrative application

5

of the general principle." *Fed. Land Bank of St. Paul v. Bismark Lumber Co.*, 314 U.S. 95, 100 (1941).

Second, an immigration judge is a "quasi-judicial officer in the Executive Office for Immigration Review," *Reno v. Flores*, 507 U.S. 292, 308 (1993), and functions similarly to federal judges in other settings. She handles certain proceedings involving litigants and attorneys, hears evidence and arguments, makes findings of fact, issues rulings on matters of law, and renders decisions which are appealable to the BIA under relatively traditional standards of judicial review. *See INS v. Stanisic*, 395 U.S. 62, 64 n.1 (1969) (explaining that special inquiry officers, the predecessors of today's immigration judges, have "no enforcement duties" and "perform[ ] no functions other than the hearing and decision of issues in exclusion and deportation cases, and occasionally in other adjudicative proceedings").[3]

Stated differently, from a functional perspective an immigration judge is a judicial officer who exercises the authority of the Attorney General (and therefore of the United States). A number of our sister circuits have characterized an immigration judge as a judicial officer and explained that she is expected to behave like one. *See, e.g., Samirah v. Holder*, 627 F.3d 652, 658 (7th Cir. 2010) ("[A]n

---

[3] An explanation of the similarities and differences between the special inquiry officers of old and the immigration judges of today can be found in *United States v. Garcia-Martinez*, 228 F.3d 956, 962 (9th Cir. 2000). The version of 8 U.S.C. § 1104(b)(4) which dealt with special inquiry officers is quoted in *Marcello v. Ahrens*, 212 F.2d 830, 837 n.16 (5th Cir. 1954), *aff'd*, 349 U.S. 302 (1955).

immigration judge is a judicial officer[.]”); *Jorgji v. Mukasey*, 514 F.3d 53, 59 (1st Cir. 2008) (“An immigration judge, like all judicial officers, possesses broad but not unfettered discretion over the conduct of evidentiary proceedings.”); *Islam v. Gonzales*, 469 F.3d 53, 55 (2d Cir. 2006) (“[A]s a judicial officer, an immigration judge has a responsibility to function as a neutral, impartial arbiter and must be careful to refrain from assuming the role of advocate for either party.”); *Wang v. U.S. Att’y Gen.*, 423 F.3d 260, 261 (3d Cir. 2005) (“We have stressed previously that as judicial officers, immigration judges have a responsibility to function as neutral and impartial arbiters.”) (internal quotation removed and alterations accepted).  Indeed, more than 60 years ago the Supreme Court rejected an alien’s due process claim that a special inquiry officer (the forerunner of today’s immigration judge) could not impartially and fairly conduct a deportation proceeding because he was subject to whatever supervision the Attorney General directed (which at the time was the supervision of immigration district directors). *See Marcello v. Bonds*, 349 U.S. 302, 306, 311 (1955).

Because an immigration judge is a “judicial officer of the United States” and therefore a “United States judge” under § 115(c)(3), we affirm Mr. McLean’s conviction for violating § 115(a)(1)(B).[4]

**AFFIRMED.**

---

[4] As for Mr. McLean’s other arguments, we affirm without further discussion.

7