# Matter of R-T-P-, Respondent

*Decided September 6, 2024*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

(1)  A proper remedy for a violation of the claim-processing rule at section 239(a)(1)(G)(i) of the Immigration and Nationality Act, 8 U.S.C. § 1229(a)(1)(G)(i) (2018), should (1) result in a notice to appear as a single document; (2) be consistent with the rules governing the procedures used for remedy; (3) help to promote the underlying purpose of claim-processing rules generally and the rule that the notice to appear include the time and place of the hearing in particular; and (4) not prejudice the respondent.

(2) Written amendments made by an Immigration Judge, upon the motion of the Department of Homeland Security, to the time and place of the hearing on the notice to appear may satisfy the requirements for a proper remedy to a noncompliant notice to appear.

FOR THE RESPONDENT:  Stephen J. O'Connor, Esquire, Austin, Texas

FOR THE DEPARTMENT OF HOMELAND SECURITY:  Donald Cassidy, Associate Legal Counsel

BEFORE:  Board Panel:  MONTANTE and OWEN, Appellate Immigration Judges; BORKOWSKI, Temporary Appellate Immigration Judge.

BORKOWSKI, Temporary Appellate Immigration Judge:

In a decision dated September 21, 2022, the Immigration Judge granted the respondent's motion to terminate the removal proceedings.  The Department of Homeland Security ("DHS") has appealed from that decision, arguing that the Immigration Judge erred in concluding that DHS' proposed remedies for a noncompliant notice to appear missing the date and time of the hearing did not cure the defect under *Matter of Fernandes*, 28 I&N Dec. 605 (BIA 2022).[1]  DHS' appeal will be sustained, and the record will be remanded.

---

[1]   The Board requested and received supplemental briefs from the parties and amici curiae. We acknowledge with appreciation the briefs submitted by the parties and amici.

## I. FACTUAL AND PROCEDURAL HISTORY

The respondent, a native and citizen of Cuba, was personally served with a notice to appear on November 25, 2021. The notice to appear ordered the respondent to appear at the San Antonio Immigration Court on "a date to be set" at "a time to be [set]." The Immigration Court issued notices of hearing, setting the initial hearing for June 23, 2022, at 9 a.m. and later rescheduling it to June 28, 2022, at 9 a.m. The respondent attended the hearing and was granted a continuance to hire counsel.

At the next hearing, the respondent appeared before the Immigration Judge with counsel and entered pleadings denying the factual allegations and the charge of removability. He also objected to the notice to appear because it did not contain the date and time for the hearing, as required by section 239(a)(1)(G)(i) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1229(a)(1)(G)(i) (2018).[2] The Immigration Judge determined that the respondent waived the objection to the notice to appear by his appearance at a previous hearing and found the respondent removable as charged.

After the Board issued *Matter of Fernandes*, the respondent filed a motion to terminate proceedings and renewed his objection to the noncompliant notice to appear. The Immigration Judge found the objection timely under *Matter of Fernandes*, 28 I&N Dec. at 610–11.

DHS sought to remedy the noncompliant notice to appear by one of the following means: (1) filing a Form I-261, Additional Charges of Inadmissibility/Deportability, which contained the hearing date and time reflected on the first notice of hearing; (2) filing a copy of the first page of the noncompliant notice to appear as an exhibit with a written amendment reflecting the date and time of the respondent's initial hearing as presented on the first notice of hearing;[3] and (3) requesting that the Immigration Judge make the necessary written amendment to the date and time contained on the noncompliant notice to appear. The respondent objected to the proposed remedies. The Immigration Judge concluded that each of DHS' proposed remedies was improper and terminated the respondent's removal proceedings without prejudice. This appeal followed.

---

[2] Section 239(a)(1)(G)(i) of the INA, 8 U.S.C. § 1229(a)(1)(G)(i), requires that a notice to appear specify the "*time* and place at which the proceedings will be held." (Emphasis added.) We construe "time" as including the date of the hearing, and we will use "date and time" interchangeably with "time" in this decision.

[3] This type of written amendment is commonly referred to as a "pen and ink" amendment.

## II.  DISCUSSION

### A.  Legal Background

Section 239(a)(1) of the INA, 8 U.S.C. § 1229(a)(1), provides that a "written notice" in the form of "a 'notice to appear'[] shall be given . . . to the alien" in removal proceedings, specifying, among other things, "[t]he time and place at which the proceedings will be held."  In *Pereira v. Sessions*, 585 U.S. 198 (2018), and *Niz-Chavez v. Garland*, 593 U.S. 155 (2021), the Supreme Court of the United States held that a notice to appear that does not comply with this requirement would not trigger the so-called "stop-time" rule under section 240A(d)(1)(A) of the INA, 8 U.S.C. § 1229b(d)(1)(A) (2018), which provides that "any period of continuous residence or continuous physical presence" for purposes of cancellation of removal "shall be deemed to end . . . when the alien is served a notice to appear under section 239(a)" of the INA, 8 U.S.C. § 1229(a).  In *Niz-Chavez*, 593 U.S. at 161, the Supreme Court emphasized that "[t]o trigger the stop-time rule," a notice to appear must be a "single document" specifying the time and place of the hearing, and a notice of hearing issued after a noncompliant notice to appear does not cure the noncompliant notice to appear or trigger the stop-time rule.

Following *Pereira* and *Niz-Chavez*, the Board—agreeing with all the courts of appeals that have addressed the matter—held that section 239(a)(1) of the INA, 8 U.S.C. § 1229(a)(1), is not a jurisdictional requirement and that noncompliant notices to appear do not affect the Immigration Court's jurisdiction over the removal proceedings.  *Matter of Arambula-Bravo*, 28 I&N Dec. 388, 389–92 (BIA 2021), *aff'd*, No. 21-826, 2024 WL 1299986 (9th Cir. Mar. 27, 2024).  We affirmed this holding in *Matter of Fernandes*, 28 I&N Dec. at 607–09, and concluded that section 239(a)(1) of the INA, 8 U.S.C. § 1229(a)(1), is a claim-processing rule.

We further held that a respondent who has timely objected to a violation of this claim-processing rule need not demonstrate that he or she was prejudiced by the missing time or place information to obtain a remedy.  *See Matter of Fernandes*, 28 I&N Dec. at 610–13, 616.  Although we rejected the argument that the only appropriate remedy for a violation of this claim-processing rule is the termination of proceedings, we left open the question of the "precise contours of permissible remedies," noting that "the nature of the violation [should] inform the nature of the remedy."  *Id.* at 613–16.  We recognized that DHS may request dismissal of proceedings without prejudice and file a new notice to appear that complies with section 239(a)(1) of the INA, 8 U.S.C. § 1229(a)(1), but held that an Immigration Judge may also allow DHS to remedy a noncompliant notice to

appear without ordering termination of removal proceedings.  *See id*. at 614–16.

More recently, in *Matter of Aguilar Hernandez*, 28 I&N Dec. 774 (BIA 2024), the Board held that DHS cannot remedy a noncompliant notice to appear by filing a Form I-261.  Specifically, the Board concluded that 8 C.F.R. § 1003.30 (2024), the regulation governing this form, does not permit the form to be used to provide the time and place of a hearing. *Matter of Aguilar Hernandez*, 28 I&N Dec. at 777–78.  We also noted that the use of a Form I-261 for this purpose would be inconsistent with the "single document" requirement for a notice to appear set forth by the Supreme Court in *Niz-Chavez.  See Matter of Aguilar Hernandez*, 28 I&N Dec. at 778–79 (quoting *Niz-Chavez*, 593 U.S. at 161).

The Supreme Court has recently addressed the issue of noncompliant notices to appear in the context of in absentia orders of removal.  In *Campos-Chaves v. Garland*, 144 S. Ct. 1637, 1647 (2024), the Supreme Court held that a respondent served with a noncompliant notice to appear may be ordered removed in absentia under section 240(b)(5)(A) of the INA, 8 U.S.C. § 1229a(b)(5)(A) (2018), if the respondent received a notice of hearing under section 239(a)(2) of the INA, 8 U.S.C. § 1229(a)(2), and subsequently failed to appear at the hearing.  *See also Matter of Laparra*, 28 I&N Dec. 425, 434 (BIA 2022), *vacated in part sub nom. Laparra-Deleon v. Garland*, 52 F.4th 514 (1st Cir. 2022); *Matter of Pena-Mejia*, 27 I&N Dec. 546, 548 (BIA 2019).  The Supreme Court rejected the argument that where a notice to appear did not specify the time and place of the proceedings as required in section 239(a)(1)(G)(i) of the INA, 8 U.S.C. § 1229(a)(1)(G)(i), a notice of hearing cannot provide a "new" time or place of the proceedings as required in section 239(a)(2)(A)(i) of the INA, 8 U.S.C. § 1229(a)(2)(A)(i).  *Campos-Chaves*, 144 S. Ct. at 1650.

### B. Criteria for Proper Remedy

Neither *Matter of Fernandes* nor *Matter of Aguilar Hernandez* defined what would constitute a proper remedy for a notice to appear that is missing time and place information, or how the remedy can be provided. Nevertheless, these decisions, considered with the Supreme Court's decisions, illustrate the following essential criteria for a proper remedy.

### 1.  Single Document

First, as emphasized by the Supreme Court's decision in *Niz-Chavez*, the remedy should result in a notice to appear as a single document.  *See Niz-Chavez*, 593 U.S. at 161-65.

The single document requirement, however, does not mean that a document, once submitted and filed, can never be amended. Although the INA does not specifically provide for the amendment of a notice to appear, neither does it specifically prohibit it. *See* INA § 239(a)(1), 8 U.S.C. § 1229(a)(1). We decline to construe the lack of specific provisions concerning amendment of notices to appear as a prohibition. Many detailed and specific procedural aspects of litigation are addressed by rules, regulations, and general principles of litigation and jurisprudence, rather than by statute. Therefore, general principles and jurisprudence regarding litigation and amending of documents (especially case-initiating documents) provide helpful guidance in this regard.

A notice to appear is a case-initiating document comparable to "an indictment in a criminal case [or] a complaint in a civil case." *Niz-Chavez*, 593 U.S. at 164 (alteration in original) (citation omitted). As we noted in *Matter of Fernandes*, a defective civil complaint or criminal information may be amended when necessary, rather than requiring a dismissal or termination of the case. *Matter of Fernandes*, 28 I&N Dec. at 615; *see, e.g.*, Fed. R. Civ. P. 15 (allowing for amended and supplemental complaints); Fed. R. Crim. P. 7(e) (providing that "the court may permit an information to be amended at any time before the verdict or finding," if certain conditions are met); *cf. Gonzalez v. Thaler*, 565 U.S. 134, 146 (2012) (providing that where a party timely objects to a defective certificate of appealability, "the court of appeals panel must address the defect by considering an amendment to the [certificate] or remanding to the district judge for specification of the issues"). Federal courts have taken a liberal stance toward the amendment of pleadings where it is consistent with their longstanding policy favoring the resolution of disputes on the merits. *See Amyndas Pharms., S.A. v. Zealand Pharma A/S*, 48 F.4th 18, 36 (1st Cir. 2022) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *United States ex rel. Nicholson v. MedCom Carolinas, Inc.*, 42 F.4th 185, 197 (4th Cir. 2022); *Mullin v. Balicki*, 875 F.3d 140, 149 (3d Cir. 2017).

The possibility of amending a document, including a case-initiating document, is inherent in the context of most litigation. Thus, we are not persuaded that immigration court proceedings should be treated differently, as neither the statute nor regulations prohibit an amendment to a notice to appear.[4]

---

[4] The Board and the Immigration Courts are Federal administrative courts that perform quasi-judicial functions but are separate and apart from the Federal judiciary system provided for in Article III of the United States Constitution. *See Reno v. Flores*, 507 U.S. 292, 308 (1993) ("The immigration judge is a quasi-judicial officer."); *Costa v. INS*, 233 F.3d 31, 33 n.1 (1st Cir. 2000) (recognizing that the "Immigration Court . . . is an administrative court"); *see also United States v. McLean*, 891 F.3d 1308, 1311

An amended or superseding document would not violate the single document requirement. The notice of hearing found to violate the single document requirement in *Niz-Chavez* does not purport to amend the notice to appear. *See* INA § 239(a)(2), 8 U.S.C. § 1229(a)(2). Rather, it is a legally separate document provided for in a different paragraph of section 239(a) of the INA, 8 U.S.C. § 1229(a). In contrast, an amended or superseding document may take the place of the original document to remedy a noncompliant aspect of the original document, and may constitute a single, compliant document.

The courts have generally held that an amended civil complaint supersedes the original complaint. *See, e.g.*, *New Orleans Ass'n of Cemetery Tour Guides & Cos. v. New Orleans Archdiocesan Cemeteries*, 56 F.4th 1026, 1033 (5th Cir. 2023). Thus, the filing of a subsequent notice to appear that complies with the statutory and regulatory requirements would allow proceedings to continue without termination. *Cf. United States v. Rojas-Contreras*, 474 U.S. 231, 237 (1985) (Blackmun, J., concurring) ("The term 'superseding indictment' refers to a second indictment issued in the absence of a dismissal of the first.").

## 2. Remedy Consistent with Rules Governing Its Use

Second, any procedure or mechanism used to remedy a noncompliant notice to appear should be consistent with the rules governing the use of such procedure or mechanism. When a pleading is amended in civil or criminal litigation, the specific procedure and manner of amending generally depend on the timing and procedural posture of the case. For example, in Federal civil litigation, a litigant may amend a complaint as of right within a set number of days of the opposing party's response, and after that period, by

---

(11th Cir. 2018) (recognizing that an Immigration Judge "exercises the authority of the Attorney General . . . of the United States"); *cert. denied*, 139 S. Ct. 1374 (2019) (mem.). Thus, analogy from the Article III context, while useful, cannot be perfect and cannot be expected to address or resolve all issues arising in administrative proceedings such as immigration proceedings. Immigration Court proceedings have several unique features and procedures that are not shared with litigation in Article III court proceedings. Indeed, as the respondent admits, the requirement of including the time and place of proceedings in the notice to appear is one of the characteristics not found in Article III court proceedings, as a case-initiating document in a civil or criminal case in the Federal court is not required to provide such information. *Compare* Fed. R. Civ. P. 8(a) (contents of complaint), *and* Fed. R. Crim. P. 7(c)(1) (contents of indictment), *with* Fed. R. Civ. P. 16(b)(2) (providing that a judge must issue a scheduling order within a certain time period of a civil defendant having been served with a complaint), *and* Fed. R. Crim P. 4(b) (providing that a judge may issue a summons requiring the criminal defendant "to appear . . . at a stated time and place").

leave of the court, Fed. R. Civ. P. 15(a)–(b), which should be "freely" granted "when justice so requires." *Hoang v. Bank of America, N.A.*, 910 F.3d 1096, 1102 (9th Cir. 2018) (quoting Fed. R. Civ. P. 15(a)(2)).

In *Matter of Aguilar Hernandez*, 28 I&N Dec. at 778, the Board concluded that the use of a Form I-261 to supply the missing date and time was not a proper mechanism for remedy. The regulation governing the use of this form provides that "[a]t any time during . . . removal proceedings, additional or substituted charges of deportability and/or factual allegations may be lodged by the [DHS] in writing." 8 C.F.R. § 1003.30. Thus, the plain regulatory language foreclosed DHS' argument that this form could be used to remedy a noncompliant notice to appear. *Matter of Aguilar Hernandez*, 28 I&N Dec. at 777–78.

### 3. Promote the Purpose of the Claim-Processing Rule

Third, the remedy should help to promote the underlying purpose of claim-processing rules in general as well as the particular claim-processing rule at issue. The purpose of claim-processing rules in general is "to promote the orderly progress of litigation by requiring that the parties take certain procedural steps at specified times." *Matter of Fernandes*, 28 I&N Dec. at 608 (quoting *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 435 (2011)).

The particular claim-processing rule at issue here—the requirement in section 239(a)(1)(G)(i) of the INA, 8 U.S.C. § 1229(a)(1)(G)(i), that a notice to appear specify the "time and place at which the proceedings will be held,"—promotes the orderly process of immigration proceedings in a number of ways. It enables respondents to attend a scheduled hearing by giving them notice of the time and place of the hearing. It also promotes the respondents' opportunity to secure counsel and helps the respondents ensure the availability of counsel by ensuring that the hearing date shall not be scheduled earlier than 10 days after the service of the notice to appear, unless the respondent requests in writing an earlier hearing date. INA § 239(b)(1), 8 U.S.C. § 1229(b)(1). There is no such requirement for a notice of hearing. *See* INA § 239(a)(2), 8 U.S.C. § 1229(a)(2).

### 4. Not Prejudice the Respondent

Fourth, the remedy should not prejudice the respondent. We held in *Matter of Fernandes*, 28 I&N Dec. at 611–13, that a respondent objecting to the violation of the claim-processing rule at section 239(a)(1)(G)(i) of the INA, 8 U.S.C. § 1229(a)(1)(G)(i), does not have to show prejudice because

the statute does not require it.  A remedy that itself creates prejudice to the respondents can hardly be characterized as a remedy.

In sum, we conclude that a proper remedy for a violation of the claim-processing rule at section 239(a)(1)(G)(i) of the INA, 8 U.S.C. § 1229(a)(1)(G)(i), should (1) result in a notice to appear as a single document; (2) be consistent with the rules governing the procedures used for remedy; (3) help to promote the underlying purpose of claim-processing rules generally and the rule that the notice to appear include the time and place of the hearing in particular; and (4) not prejudice the respondent.

## C.  Remedies Proposed By DHS

The respondent timely objected to the noncompliant notice to appear before the close of pleadings.[5] *Matter of Fernandes*, 28 I&N Dec. at 610–11; *see also Pierre-Paul v. Barr,* 930 F.3d 684, 693 n.6 (5th Cir. 2019) (concluding that a respondent generally waives his challenge to a noncompliant notice to appear by failing to raise this objection at the time he concedes removability), *overruled in part on other grounds by Niz-Chavez*, 593 U.S. 155.  Thus, he is entitled to a remedy.

DHS offered three possible remedies to the noncompliant notice to appear at the hearing before the Immigration Judge: (1) filing a Form I-261; (2) filing a copy of the first page of the noncompliant notice to appear as an exhibit with a written amendment reflecting the date, time, and place of the respondent's initial hearing; and (3) requesting that the Immigration Judge make the necessary written amendment to the date and time contained on the noncompliant notice to appear.  The Immigration Judge terminated proceedings after concluding that the remedies offered by DHS did not satisfy the single document requirement in *Niz-Chavez* and incorrectly provided a date and time for a hearing that had already taken place.  We review the viability of these proposed remedies de novo.  8 C.F.R. § 1003.1(d)(3)(ii) (2024).

---

[5]  DHS argues for the first time in its supplemental appellate brief that the respondent waived his objection to the noncompliant notice to appear because he filed a relief application prior to making this objection.  Before the Immigration Judge, DHS only offered potential remedies for the noncompliant notice to appear and did not raise this waiver argument, although it had an opportunity to do so.  Because DHS did not raise this argument before the Immigration Judge, it is not properly before us on appeal, and we decline to consider it.  *See, e.g.*, *Matter of W-Y-C- & H-O-B-*, 27 I&N Dec. 189, 190 (BIA 2018) ("We have long held that we generally will not consider an argument or claim that could have been, but was not, advanced before the Immigration Judge."); *Matter of J-Y-C-*, 24 I&N Dec. 260, 261 n.1 (BIA 2007) (declining to consider for the first time on appeal a basis for asylum that was not raised below).

### 1. Form I-261

DHS' submission of a Form I-261 to supply the missing information is not a proper remedy for the noncompliant notice to appear under the criteria discussed above and under *Matter of Aguilar Hernandez*, which was published after the Immigration Judge's decision. This proposed remedy did not result in a notice to appear as a single document and did not comply with the regulations governing the use of the form. It also did not further the purpose of the claim-processing rule because it did not provide notice of a future hearing to the respondent so he could attend and retain counsel if he chose to do so. We will now consider the remaining remedies proposed by DHS.

### 2. DHS Submission of Amended Partial Notice to Appear

To remedy the noncompliant notice to appear, DHS also submitted, as an exhibit, a copy of the first page of the notice to appear with handwritten amendments to the street address for the San Antonio Immigration Court and the date and time of the hearing. The document crossed out "a date to be set" and "a time to be [set]" and provided June 28, 2022, at 9 a.m. as the date and time of the hearing, which was the respondent's initial master calendar hearing. It only contained the first page of the notice to appear and did not contain any other pages.

This is not a proper remedy for the claim-processing rule violation for various reasons. First, the submission of the amended first page of the notice to appear does not result in the notice to appear as a "single document" as required in *Niz-Chavez*, 593 U.S. at 161. Although we agree with the Immigration Judge that the proposed remedy fails the single document requirement, we disagree with the Immigration Judge's reasoning that it fails because it introduces a second notice to appear into the record. Rather, it fails because the amended first page does not include all the information required by section 239(a)(1) of the INA, 8 U.S.C. § 1229(a)(1). The subsequent pages of the notice to appear provide information satisfying other requirements set forth in section 239(a)(1) of the INA, 8 U.S.C. § 1229(a)(1), including notifying the respondent that he may be represented by counsel during proceedings, that he must provide and update his contact information, and that his failure to provide the required contact information or to appear for proceedings will result in certain consequences. INA § 239(a)(1)(E)–(G), 8 U.S.C. § 1229(a)(1)(E)–(G). Thus, this remedy resembles "notice-by-installment," which was rejected by *Niz-Chavez*, 593 U.S. at 160–61, as contrary to the single document requirement.

Second, this amended first page does not comport with the rules governing the issuance of a notice to appear, as it does not appear to have been authorized by a designated DHS official.  The types of DHS officers who can issue notices to appear are specifically determined by 8 C.F.R. § 239.1(a) (2024).  The regulation specifically lists 45 different types of officers authorized to issue a notice to appear and provides that this authority can be delegated under 8 C.F.R. § 2.1 (2024).  8 C.F.R. § 239.1(a).

There is no dispute that the respondent's notice to appear was initially issued by a DHS officer whose name, signature, and title appear on the first page of the notice to appear and who was authorized to issue the document.  The amended first page includes the same name, signature, and title of the issuing officer, but there is no indication that this officer, or any other officer designated in 8 C.F.R. § 239.1(a), authorized the amendment.  *See Ali v. Gonzales*, 435 F.3d 544, 546-47 (5th Cir. 2006) (recognizing that "[c]onceptually, 'issue' is . . . more akin to 'authorize' than to the mechanics of signature-affixing" and thus the question is whether the notice to appear was authorized by a designated officer (quoting *Diaz-Soto v. INS*, 797 F.2d 262, 264 (5th Cir. 1986))).

Relying on 8 C.F.R. § 1240.10(e) (2024), DHS suggests that although a notice to appear can only be issued by an officer specified in 8 C.F.R. § 239.1(a), it may be amended by DHS counsel handling the case once the removal proceedings commence.  However, 8 C.F.R. § 1240.10(e), which is similar to the provision at issue in *Matter of Aguilar Hernandez*, applies to the addition or substitution of charges of inadmissibility or deportability and of factual allegations through a Form I-261, which we previously held cannot remedy a noncompliant notice to appear.  *Matter of Aguilar-Hernandez*, 28 I&N Dec. at 777–78.

We are further unpersuaded by DHS' analogy to 8 C.F.R. § 239.2 (2024).  Under this regulation, while only DHS officers authorized to issue a notice to appear may cancel the notice unilaterally, once the notice to appear is filed with the Immigration Court and jurisdiction is vested with the Immigration Judge, the regulations specifically provide that DHS counsel may move for dismissal of the matter.  8 C.F.R. §§ 239.2(a), (c), 1239.2(c).  Dismissal of the proceedings, however, does not involve an amended notice to appear.  Moreover, an amended notice to appear that meets the requirement for a single document would, in essence, be a superseding notice to appear, which DHS concedes should be issued by an officer specified in 8 C.F.R. § 239.1(a).

While we recognize DHS' argument regarding the time and labor involved in returning a case to an official authorized to issue a notice to appear under 8 C.F.R. § 239.1(a), the Supreme Court has long made clear that practical considerations and pleas of administrative inconvenience do not justify noncompliance with procedural obligations.

*See Niz-Chavez*, 593 U.S. at 169 (providing that "pleas of administrative inconvenience and self-serving regulations never 'justify departing from the statute's clear text'" (quoting *Pereira*, 585 U.S. at 217)); *Pereira*, 585 U.S. at 217 (rejecting the agency's "practical considerations" as meritless). Moreover, as noted above, the Secretary of Homeland Security is permitted to delegate authority to issue notices to appear to other officers and employees of DHS or of the United States not explicitly listed in the regulation at 8 C.F.R. § 239.1(a), which could potentially include DHS counsel who appear in Immigration Court. *See* 8 C.F.R. §§ 2.1, 239.1(a)(46).

Third, the amended first page submitted by DHS is not a proper remedy for a claim-processing rule violation because it does not promote the goal of the claim-processing rule at section 239(a)(1)(G)(i) of the INA, 8 U.S.C. § 1229(a)(1)(G)(i). The statute at issue requires that the notice to appear advise the respondents of the "time and place at which the proceedings *will be* held." INA § 239(a)(1)(G)(i), 8 U.S.C. § 1229(a)(1)(G)(i) (emphasis added). The use of the future tense indicates that the date and time provided in the document should be for a future hearing. Section 239(b) of the INA, 8 U.S.C. § 1229(b), further provides that a hearing will not be scheduled earlier than 10 days after the service of the notice to appear to enable the respondent to secure counsel if desired. Thus, the statute clearly requires that a notice to appear contain a future date—not a date already passed or the date of a past hearing—to enable the respondent to attend the future hearing with counsel if desired. Because the document submitted by DHS did not include a future date, it did not promote the goal of providing notice to the respondent to enable him to attend a hearing or secure counsel for the hearing. Thus, DHS' submission of an amended first page of the notice to appear does not meet the criteria for a proper remedy.[6]

### 3. DHS Motion for Immigration Judge to Amend Notice to Appear

---

[6] Our decision does not foreclose DHS from fashioning a proper remedy through a superseding or amended notice to appear as discussed in section II.B.1, *supra*. *See Matter of Fernandes*, 28 I&N Dec. at 615 (raising the possibility of an amended notice to appear). The new document would need to include all the information set forth in section 239(a)(1) of the INA, 8 U.S.C. § 1229(a)(1), and be issued by a DHS official specified in 8 C.F.R. § 239.1(a). The authorizing official need not be the same officer who issued the original notice to appear or be an officer or employee within the same component of DHS that authorized the original notice to appear. The superseding or amended notice to appear could be admitted into the record of proceeding as a separate exhibit. As noted above, the presence of two notices to appear in a record of proceeding would not violate the "single document" requirement set forth by the Supreme Court in *Niz-Chavez*, 593 U.S. at 161, as long as one single document contains all the information required under section 239(a)(1) of the INA, 8 U.S.C. § 1229(a)(1). Such a document may constitute a proper remedy for a noncompliant notice to appear if it does not result in prejudice to the respondent.

Finally, DHS proposed as a remedy that upon a motion, the Immigration Judge make written amendments to the notice to appear by adding the date and time of a future hearing. We conclude upon de novo review that this proposed remedy satisfies the criteria delineated in this decision for a proper remedy of the claim processing rule at section 239(a)(1)(G)(i) of the INA, 8 U.S.C. § 1229(a)(1)(G)(i). *See* 8 C.F.R. § 1003.1(d)(3)(ii). First, because the written amendment would be made on the notice to appear already in the record, this proposed remedy would not result in a separate document, and the amended notice to appear would have all the information required in section 239(a)(1) of the INA, 8 U.S.C. § 1229(a)(1). As to the date to be provided in the amendment, the notice to appear may be amended to include a future hearing date no fewer than 10 days after the date the amended notice to appear is served.

Second, this proposed remedy is consistent with the Immigration Judge's broad authority to grant motions to amend documents in removal proceedings. The respondent argues that because the date and time requirement in section 239(a)(1) of the INA, 8 U.S.C. § 1229(a)(1), is unique to case-initiating documents in immigration proceedings, this information cannot be amended or supplemented. The respondent, however, points to no statutory or regulatory authority prohibiting an amendment or supplementation of the contents of the notice to appear, including the time and place of the hearing, merely because case-initiating documents for other types of proceedings do not include this requirement.

As we noted in *Matter of Fernandes*, 28 I&N Dec. at 613–14, the claim-processing rule at section 239(a)(1) is not jurisdictional and relates to matters within an Immigration Judge's authority. Thus, it follows that an Immigration Judge may exercise judgment and discretion to enforce that rule as he or she deems appropriate to promote the rule's underlying purpose. *See* 8 C.F.R. § 1003.10(b) (2024) ("[I]mmigration judges shall exercise their independent judgment and discretion and may take any action consistent with their authorities under the [INA] and regulations that is necessary or appropriate for the disposition . . . of such cases."); *see also* 8 C.F.R. § 1240.1(a)(1)(iv) (2024). Such authority, where appropriate and necessary, includes the authority to grant the parties' motions to amend pleadings, applications, and other documents. *See, e.g.*, *Lima v. Holder*, 758 F.3d 72, 81–82 (1st Cir. 2014) (recognizing an Immigration Judges' discretionary authority to permit a respondent to amend pleadings).

In granting DHS' request that the Immigration Judge amend the notice to appear, the Immigration Judge would not be "issuing" a notice to appear within the meaning of 8 C.F.R. § 239.1(a)(1). Rather, the Immigration Judge would be amending the notice to appear that was already issued and filed,

consistent with the Immigration Judge's broad authority to grant motions to amend in removal proceedings. Indeed, in practice, Immigration Judges routinely amend notices to appear upon the motion of a party to correct typographical errors or to amend factual allegations. Similarly, Immigration Judges amend applications for relief to correct or update information contained therein.

Moreover, the date and time of the hearing is information that is exclusively controlled and provided by the Immigration Court. While other contents of the notice to appear, such as factual allegations and charges of removability, are based on information belonging to the parties, the date and time for the hearing is solely determined by the Immigration Court and can only be included on the notice to appear through procedures established by the Immigration Court. Thus, by amending the date and time on a notice to appear, the Immigration Judge is amending the Immigration Court's own previously provided information.

Third, the Immigration Judge's amendment of a notice to appear upon the motion of DHS would be generally consistent with the purpose of the claim-processing rule at section 239(a)(1)(G)(i) of the INA, 8 U.S.C. § 1229(a)(1)(G)(i). The proposed remedy provides notice to the respondents to enable them to attend the future hearing and secure counsel. Once the notice to appear is amended, it can be served on the respondent in person at the hearing or by mail, as appropriate.[7] Thus, the remedy would also advance the general purpose of claim-processing rules to "promote the orderly progress of litigation." *Matter of Fernandes*, 28 I&N Dec. at 608 (quoting *Henderson*, 562 U.S. at 435).

This remedy is also consistent with the Supreme Court's decision in *Campos-Chaves*, which addressed noncompliant notices to appear in in absentia proceedings. The Supreme Court held that a respondent who received a noncompliant notice to appear followed by a notice of hearing must attend the hearing, and at the hearing can raise issues regarding the noncompliant notice to appear. *Campos-Chaves*, 144 S. Ct. at 1651. The Court noted that this would "give[] the immigration judge a chance to reschedule the hearing to cure any prejudice from the missing information." *Id.*

---

[7] The practical logistics of providing the remedy would depend on the Immigration Court's procedures and the circumstances of the case, including whether the record of proceedings is in paper or electronic format. For example, upon timely objection to the noncompliant notice to appear by the respondent, DHS could make a written or oral motion to amend the notice to appear and, once the notice to appear is amended by the Immigration Judge, the compliant notice to appear could be included in the record of the proceedings by appropriate means and served on the parties.

The respondent and some amici argue that termination or dismissal of the proceedings is the only proper remedy for a violation of the claim-processing rule at section 239(a)(1)(G)(i) of the INA, 8 U.S.C. § 1229(a)(1)(G)(i), because DHS should have issued a compliant notice to appear in the first place. In *Matter of Fernandes*, 28 I&N Dec. at 613–16, we rejected this argument, holding that termination of the proceedings is not required, and the Immigration Judge may allow DHS to remedy the noncompliant notice to appear. For the reasons discussed in *Matter of Fernandes*, we reaffirm this holding.

We are not persuaded by the respondent's general arguments that permitting a notice to appear to be remedied would disadvantage the respondent because of the complexities of removal proceedings. While the requirement that a notice to appear include the time and place of the hearing serves an important goal, as discussed above, the burden on respondents whose removal proceedings are initiated by a noncompliant notice to appear is similar to the burden placed on those in proceedings that are initiated by a compliant notice to appear. For example, regardless of whether a respondent's notice to appear specifies the date and time of the hearing, the respondent has an ongoing obligation under section 239(a)(1)(F) of the INA, 8 U.S.C. § 1229(a)(1)(F), to notify the Immigration Court of a change of address because the hearing date on the notice to appear may be changed through a subsequently mailed notice of hearing.[8] *See* INA § 239(a)(2), 8 U.S.C. § 1229(a)(2).

Overall, we conclude that written amendments made by an Immigration Judge, upon the motion of DHS, to the time and place of the hearing on the notice to appear may satisfy the requirements for a proper remedy to a noncompliant notice to appear. Whether the remedy satisfies the fourth requirement that it not prejudice the respondent requires a case-by-case determination. A respondent who believes he or she is prejudiced by the proposed remedy can object to the remedy, either orally or in writing in response to DHS' motion to amend. If the Immigration Judge determines that the respondent has established that the remedy proposed by DHS results in prejudice, a different date, time, and place may be provided, or the Immigration Judge may take other necessary and appropriate action to address the prejudice. Moreover, if any circumstances that would prevent the respondent and counsel from attending the hearing were to arise after the

---

[8]   The respondent also argues that the lack of the date and time of the hearing in the notice to appear places respondents at the risk of being subject to in absentia orders of removal. However, the statute and regulation provide procedures for rescinding in absentia orders of removal. INA § 240(b)(5)(C)(ii), 8 U.S.C. § 1229a(b)(5)(C)(ii); 8 C.F.R. § 1003.23(b)(4)(ii) (2024); *see also Campos-Chaves*, 144 S. Ct. at 1647–51 (discussing noncompliant notices to appear in the context of in absentia removal orders).

compliant notice to appear is served, the parties may request a continuance consistent with the regulations and the Immigration Court's procedures. *See* 8 C.F.R. § 1003.29 (2020); *see also Matter of L-A-B-R-*, 27 I&N Dec. 405, 411–13 (A.G. 2018) (discussing the requirement of showing good cause for a continuance).

## III.  CONCLUSION

The requirement that a notice to appear specify the time and place of the hearing is not a jurisdictional rule.  Rather, it is a claim-processing rule that can and should be remedied where possible.  We decline to establish a procedural rule that would disallow remedying a noncompliant notice to appear and limit the jurisdiction bestowed by Congress upon the Immigration Court and the Board.  This decision addresses the specific remedies proposed by DHS in this case and does not foreclose the possibility of additional permissible remedies that comply with the four criteria discussed above.

Based on the foregoing, we will uphold the Immigration Judge's decision rejecting DHS' proposed remedies of a Form I-261 and an amended first page of the notice appear, as these remedies do not comply with the criteria set forth in this decision.  However, with respect to DHS' third proposed remedy, we will sustain the appeal, vacate the Immigration Judge's decision, and remand the record for further proceedings consistent with our decision.

**ORDER:**  DHS' appeal is sustained.

**FURTHER ORDER:**  The record is remanded to the Immigration Judge for further proceedings consistent with the foregoing order and for the entry of a new decision.