# Matter of Wendi Del Carmen LOPEZ-TICAS, Respondent

*Decided May 29, 2025*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

The lack of time and place information on the notice to appear does not render untrue or incorrect a respondent's admission to the factual allegations or invalidate the charges of removability in the notice to appear and therefore is not a proper basis for granting a respondent's motion to withdraw pleadings.

FOR THE RESPONDENT: Matthew L. Benson, Esquire, Cincinnati, Ohio

FOR THE DEPARTMENT OF HOMELAND SECURITY: Colleen A. Peppard, Assistant Chief Counsel

BEFORE: Board Panel: MANN, MONTANTE, and BAIRD, Appellate Immigration Judges.

MONTANTE, Appellate Immigration Judge:

This case was last before the Board on October 28, 2022, when we sustained the Department of Homeland Security's ("DHS") appeal and concluded that the respondent forfeited her objection to the noncompliant notice to appear because she did not raise it before the close of pleadings. On March 24, 2023, the Immigration Judge granted the respondent's motion to withdraw her prior pleadings to the notice to appear and her motion to terminate proceedings. DHS appealed and the respondent filed a brief in opposition to the appeal. Because we conclude that the Immigration Judge erred in allowing the respondent to withdraw her pleadings, the appeal will be sustained, the proceedings will be reinstated, and the record will be remanded for further proceedings.

## I. FACTUAL AND PROCEDURAL HISTORY

On February 13, 2018, DHS served the respondent, a native and citizen of El Salvador, with a notice to appear that did not provide the time and date of the initial hearing before the Immigration Judge. The respondent, through counsel, entered oral pleadings on November 5, 2019, admitting the factual allegations and conceding removability. On October 29, 2021, the respondent filed a motion to terminate proceedings due to defects in the

notice to appear. The Immigration Judge granted the motion on November 12, 2021, and DHS appealed.

On October 28, 2022, the Board sustained DHS' appeal, concluding that the respondent forfeited her objection to the noncompliant notice to appear under *Matter of Fernandes*, 28 I&N Dec. 605, 610–11 (BIA 2022), because the objection was not raised before the close of pleadings. The Board also concluded that the Immigration Judge erred in finding that *Niz-Chavez v. Garland*, 593 U.S. 155 (2021), represented a change in law that warranted termination of the proceedings. The Board vacated the Immigration Judge's decision, reinstated the proceedings, and remanded the record to the Immigration Court for further proceedings.

On remand, the respondent filed a motion to withdraw pleadings and a renewed motion to terminate proceedings. In a decision dated March 24, 2023, the Immigration Judge found that the respondent demonstrated egregious circumstances warranting the withdrawal of her pleadings. The Immigration Judge then found, based on the withdrawal of the pleadings, that the respondent's claim-processing rule objection to the missing date and time of the hearing on the notice to appear was made before the close of pleadings and therefore was timely under the standard set forth in *Matter of Fernandes*, 28 I&N Dec. at 610–11. Alternatively, the Immigration Judge found that the holding in *Matter of Fernandes*, 28 I&N Dec. at 610–11, regarding the timeliness of an objection to a noncompliant notice to appear should not be applied retroactively. The Immigration Judge found that termination of proceedings was the only viable remedy for the claim-processing rule violation. DHS appeals from the Immigration Judge's decision.

## II. DISCUSSION

Respondents are bound by the concessions of their attorneys unless they can show egregious circumstances. *Hanna v. Holder*, 740 F.3d 379, 387 (6th Cir. 2014). To establish egregious circumstances, a respondent must show "that the factual admissions or concessions of [removability] were untrue or incorrect." *Id*. (alteration in original) (quoting *Matter of Velasquez*, 19 I&N Dec. 377, 383 (BIA 1986)). This assertion must be supported by record evidence. *Id*. at 388. Once a respondent has met the threshold requirement, two types of egregious circumstances justify relieving the respondent of counsel's prejudicial admission or concession. *Id*. An alien will be relieved of concessions or admissions of counsel that are "the result of unreasonable professional judgment," or where "binding the alien to th[e] admission would 'produce[] an unjust result.'" *Id*. (second alteration in

original) (quoting *Matter of Velasquez*, 19 I&N Dec. at 383). The latter includes a circumstance "where the propriety of an admission or concession has been undercut by an intervening change in law." *Id*. (citation omitted).

The Immigration Judge determined that counsel's concession of proper service of the notice to appear was untrue or incorrect because the document served was missing the required hearing information. The Immigration Judge further concluded that the respondent established egregious circumstances because the propriety of the concession was undercut by the intervening change in law set forth in *Niz-Chavez* and *Matter of Fernandes*. Whether the respondent has demonstrated egregious circumstances warranting the withdrawal of her counsel's pleadings is a legal question we review de novo. *See* 8 C.F.R. § 1003.1(d)(3)(ii) (2025).

We conclude that the Immigration Judge erred in granting the respondent's motion to withdraw pleadings. The record reflects that the respondent's counsel did not expressly concede proper service of the notice to appear; rather, counsel only admitted the factual allegations and conceded removability. Thus, the Immigration Judge erred in finding the respondent's counsel made a concession that was untrue or incorrect and in granting the respondent's motion to withdraw pleadings on that basis.

Even if the respondent's counsel had conceded proper service of the notice to appear, the Immigration Judge erred in concluding that counsel's concession of proper service of the notice to appear was untrue or incorrect and thus satisfied the threshold requirement for relieving the respondent of counsel's pleadings. *See Hanna*, 740 F.3d at 387. The Immigration Judge's legal analysis conflates a procedural pre-pleading concession regarding service of the notice to appear with pleading to the factual allegations and removability charge contained therein. A respondent "plead[s] to the notice to appear by stating whether he or she admits or denies the factual allegations and his or her removability under the charges contained" in the notice to appear. 8 C.F.R. § 1240.10(c) (2025). In contrast, a concession of service of the notice to appear is simply an acknowledgment that the notice was properly served on the respondent; it is not a pleading.

Service of the respondent's notice to appear was proper, regardless of whether it contained the time and place information. The notice to appear reflects that it was personally served on the respondent on February 13, 2018, and the respondent does not allege that she did not receive the document. *See* section 239(a)(1) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1229(a)(1) (2018) (providing for personal service or service by mail);

8 C.F.R. § 1239.1(b) (2025). That the notice to appear was missing the date and time of the hearing does not render service of the document deficient.

The lack of time and place information on the notice to appear does not render untrue or incorrect a respondent's admission to the factual allegations or invalidate the charges of removability in the notice to appear and therefore is not a proper basis for granting a respondent's motion to withdraw pleadings.[1] While an Immigration Judge cannot simply ignore or overlook DHS' failure to include the required time or place information on a notice to appear if the issue is timely raised by the respondent, the Immigration Judge also cannot simply treat the notice to appear as never having been served or filed.[2] *See Matter of Fernandes*, 28 I&N Dec. at 615 ("A noncompliant notice to appear is not equivalent to a lack of a notice to appear altogether."); *see also Ramos Rafael v. Garland*, 15 F.4th 797, 801 (6th Cir. 2021) (explaining under *Niz-Chavez* that a notice to appear lacking the time and place of an initial removal hearing does not deprive an Immigration Judge of jurisdiction over removal proceedings);

---

[1] The respondent does not raise any allegations of ineffective assistance of counsel, and ineffectiveness is not apparent on the face of the record. *See Hanna*, 740 F.3d at 387 (recognizing ineffective assistance as a basis for relieving an alien of counsel's admissions). The decision not to raise an objection to a defective notice to appear is often a tactical choice. In *Matter of Aguilar-Hernandez*, 28 I&N Dec. 774, 779 (BIA 2023), we recognized:

> [I]t is a strategic decision by a respondent to raise (or not raise) an objection to a defective notice to appear lacking the date and time of the initial hearing before the Immigration Judge. By electing not to raise the objection, the respondent's notice to appear remains defective and the respondent will continue to accrue continuous physical presence in the United States for the purposes of cancellation of removal. Conversely, if after the respondent raises a timely objection, DHS remedies the defective notice to appear, then the 'stop-time' rule prevents the respondent from accruing additional physical presence for purposes of cancellation of removal.

(footnote omitted). *See also Matter of Gawaran*, 20 I&N Dec. 938, 942 (BIA 1995) ("[I]n the absence of egregious circumstances, an alien is bound by the 'reasonable tactical actions' of . . . counsel." (quoting *Matter of Velasquez*, 19 I&N Dec. at 383 (BIA 1986))).

[2] Allowing a respondent to withdraw prior pleadings would effectively permit the respondent to hold an objection to a later point in proceedings, impacting DHS' ability to prosecute the proceedings to a conclusion. *See Matter of R-T-P-*, 28 I&N Dec. 828, 834 (BIA 2024) ("The purpose of claim-processing rules in general is 'to promote the orderly progress of litigation by requiring that the parties take certain procedural steps at specified times.'" (quoting *Matter of Fernandes*, 28 I&N Dec. at 608)).

*Matter of Arambula Bravo*, 28 I&N Dec. 388, 391–92 (BIA 2021), *aff'd*, No. 21-826, 2024 WL 1299986 (9th Cir. 2024).

Here, the respondent received proper notice of the factual allegations and charges of removability and had a fair opportunity to plead to the allegations and charges contained in the notice to appear. Thus, there was no defect in the pleadings which justified the Immigration Judge's decision granting the respondent's motion to withdraw and amend the pleadings. Based on the foregoing, the Immigration Judge erred in concluding that the respondent met the threshold requirement of showing that the concession of proper service of the notice to appear was untrue or incorrect and in granting the respondent's motion to withdraw pleadings.

Similarly, the Immigration Judge erred in granting the respondent's motion to terminate proceedings. The Immigration Judge found that because he had granted the respondent's motion to withdraw pleadings, the case was now in a pre-pleading posture and the respondent's objection to the notice to appear was timely. However, because the Immigration Judge erred in granting the respondent's motion to withdraw her prior pleadings, the Immigration Judge's basis for finding the respondent's objection timely is improper.

In *Matter of Fernandes*, we held that the time and place requirement in section 239(a)(1)(G) of the INA, 8 U.S.C. § 1229(a)(1)(G), is a claim-processing rule, not a jurisdictional rule. 28 I&N Dec. at 608–09. We further held that "if a respondent does not raise an objection to a defect in the notice to appear in a timely manner, such an objection is waived or forfeited." *Id*. at 609. DHS argues on appeal that, under claim-processing principles, the respondent's objection to the missing time and date information in the notice to appear was untimely. We agree. The record reflects that the respondent did not raise any objection to the missing date and time in the notice to appear until after pleadings were taken by the Immigration Judge.[3] Thus, as we indicated in our prior decision, the respondent forfeited the objection to the missing information by not timely raising it before the close of pleadings. *See id.* at 610–11.

We also disagree with the Immigration Judge's alternative conclusion that the respondent's objection should be considered timely because the holding in *Matter of Fernandes* regarding the timeliness of an objection to a

---

[3] The respondent, through counsel, entered oral pleadings on November 5, 2019. The respondent first filed a motion to terminate on October 29, 2021.

noncompliant notice to appear was a change in law and should not be applied retroactively.  During the pendency of this appeal, the Board reached the opposite conclusion in *Matter of Larios-Gutierrez de Pablo and Pablo-Larios*, 28 I&N Dec. 868, 875 (BIA 2024), holding that the conclusion in *Matter of Fernandes* "that an objection to a noncompliant notice to appear will generally be considered timely if raised prior to the close of pleadings is not a change in law" and applies retroactively.  The Board has also concluded that *Niz-Chavez* does not represent a change in law that warrants terminating proceedings.  *See Matter of Nchifor*, 28 I&N Dec. 585, 589 (BIA 2022).  Thus, the Immigration Judge erred in terminating proceedings.  We will sustain DHS' appeal, reinstate proceedings, and remand the record to the Immigration Judge for further proceedings consistent with this decision.

**ORDER:**  The appeal is sustained.

**FURTHER ORDER:**  The Immigration Judge's decision dated March 24, 2023, is vacated, proceedings are reinstated, and the record is remanded to the Immigration Court for further proceedings consistent with this decision.